The opinion of the Court was delivered by
 

 Hunde ns ON, J udge :
 

 A delivery of a deed is, in fact, its tradition from the maker to the person to whom it is made, or to some person for his use, and if the person receiving it for another, is authorised to do so, it is not only immediately the maker’s deed, but it cannot be rejected by the gran* tee. If he has not authorised the person to receive it, yet it is the maker’s deed, until he, for whose benefit it is made, rejects it; it does not wait for the approbation of this person; before it becomes a deed: for his accept-
 
 *16
 
 anee ¡s presumed, until the contrary is shewn, it be-^01' h‘s interest, the presumption is, not that he
 
 will accept,
 
 but that he
 
 does.
 
 Therefore, if there was any ev¡denee, that, the deed in question was left with
 
 Snipes,
 
 for the benefit of
 
 Mrs. Kirk's
 
 grandchildren, and and was not subject to her control, the delivery to him for the use of the children, would have been complete, and the deed efficacious, notwithstanding his re-delivery of if to her, for the purpose of registration. But the transaction, I think, by no means bears this aspect.
 
 Mr. Snipes
 
 was called on to write the deed as a settlement, preparatory to the marriage which
 
 Mrs. Kirk
 
 then contemplated : in this, he acted as much in the character of her agent, as that of the grandchildren. His having the paper in his hands, might well arise from his relation to her ; there were no words showing that
 
 Mrs. Kirk
 
 parted with the possession or control of the paper. The request that he would attend Court and prove the deed, neither shows, that the act, on her part, was intended to deprive her of the control of it, or that the deed was then complete, or that she lost her
 
 loens pocniteniice,
 
 which it is presumed she intended to retain, at least, until there was something like a certainty of her marriage. In fact, her conduct shews, that it was her intention then, in case of the marriage, to make such a settlement, and no more ; at least it does not furnish sufficient evidence, that the transaction to which
 
 Mr. Snipes
 
 testifies, was such an one as to divest her of the property, and vest it in the Plaintiffs, which it must he affirmed to be, before we can set up the deed, am! deprive her husband of the property. If this transaction did not divest her of the slaves, it may be asked what did, if there was a conversation in which she stated that she had given the property to her children, if it should be referred to this inchoate intention, it would not pass the property, for we see that this intention had not that effect. It would be unfair t® refer it to a parol gift complete, when there is
 
 *17
 
 ubis transaction to which we may refer her words, and with the more certainty, as her conduct in this transar-tiorn refutes all idea of a parol gift, for it appears, that if she designed to give, she preferred a written transfer, and had the means in her power of making one.
 

 The declarations of the husband may also be referred to the same
 
 attempt;
 
 and her conduct afterwards, in not having the «iced registered, accompanied by his declarations, proron by a person shewn to be of undoubted credit, is a full exposition of her views throughout, viz. that siie intended to act iu this particular, in case she was to marry, as she pleased ; and if disposed to make the settlement, site might use the deed for that purpose, prepared by one in whose skill and judgment she had confidence. That she did not intend to part with the deed, is supported by the circumstance, that on its face, it is not made to depend on the event of her marriage, but is absolute, which would, from the attempt proved by
 
 Snipes,
 
 if final, deprive her of her property, marriage op no marriage which I think it, is evident she did not design.
 

 „ Tiie probability is that she intended then to give validity to the deed by some after act, if she married
 
 ;
 
 if not, it was to have no effect, it seems she changed her mind. As this is a claim asserted on behalf of infants who had an appearance of a right, each party must pay his own costs.
 

 Brur. DISMISSED.