JOHN O. GARDNER et al. v. THE CITY OF NEW BERNE.

*Constitution—Municipal Corporations—Necessary Expenses—Cities and Towns.*

1. Article vii, §7, of the Constitution does not prohibit the appropriation of funds in the treasury of a municipal corporation to the necessary expenses thereof—this prohibition is confined to the contracting of debts for the objects there forbidden, without the sanction of a majority of the qualified voters.

2. The 29th section of the Charter of the City of New Berne, which provides that "no appropriation" (of city funds) "shall be made except for the necessary expenses of the city, and but by a concurring vote of six-eights of all the Councilmen," does not prohibit an appropriation of such funds to the necessary expenses of the city by a majority of the votes of the Councilmen.

(*Southerland* v. *Goldsboro*, 96 N. C., 49, cited and approved).

This is a CIVIL ACTION for an injunction, heard by *Philips, Judge,* in Chambers, at Tarboro, on June 22d, 1887.

The charter granted to the City of New Berne on March 14th, 1879, contains in section 29 this provision:

"All moneys arising from taxation, donation or other sources, shall be paid to the treasurer of the city, and no appropriation thereof shall be made, except for the necessary expenses of the city, and but by a concurring vote of six-eights (6-8) of all the councilmen."

The council consists of eight persons, of whom one is elected in each of the five wards into which the city is divided. The other three are appointed, two by the second and third ward councilmen so elected, one by each, and the other by the councilmen of the second ward and fourth ward acting in concert.

The council thus constituted and charged with the municipal government, and subject to the responsibilities of its management, created the office of janitor, and affixed to it a

salary of $20 per month for one year, as also salaries to the existing offices of mayor, treasurer, and city attorney, and made an appropriation of $24.90 for the expense of white-washing trees, without the concurrence of six members, but by a majority, or through the vote of the mayor when there was a tie. The present action, instituted by the plaintiff on behalf of the tax payers, is predicated upon an alleged disregard of the restraints put upon the council in its disposition of the public funds, and seeks a perpetual injunction against the future exercise of similar powers by the agreeing action of a less number than six of the members of the council.

Upon an application of the plaintiff, based upon the complaint, supported by the affidavit of one of the members of the board, a restraining order was issued by Shipp, Judge, forbidding the councilmen, by name, from issuing any voucher or to audit any account, to be paid out of the treasury, unless the same be concurred in by six-eighths of all the councilmen, and forbidding the treasurer from paying any claim unless so audited and allowed; and further ordering the defendant to show cause before Philips, Judge, at Tarboro, on June 22d, 1887, why the temporary injunction should not be made perpetual.

The matter was so heard upon additional affidavits, not necessary to consider, as the essential facts are not disputed, and the evidence relates to the past action of the board in recognizing the interpretation put upon the clause of the enactment by the plaintiff, and, all parties being present by counsel, it was ordered and adjudged "that the restraining order granted by his Honor Judge Shipp in this cause be continued, and that the defendant and all of its officers be enjoined and restrained from doing any act which is in conflict or which is prohibited by said restraining order until the final hearing of this cause."

From this ruling the defendant appealed.

*Mr. O. W. Guion*, for the plaintiffs.
*Mr. W. W. Clark*, for the defendants.

SMITH, C. J., (after stating the facts as above). The plaintiff insists that the charter wholly disables the members of the board from appropriating any moneys in the treasury, however derived, to pay any but the necessary expenses of the administration of the city government, and as to these, the appropriation must be made by the concurring action of six of the number to be effectual and valid.

The defendant construes the section as excepting unconditionally what are termed "the necessary expenses of the city" from the operation of the previous sweeping provision, and as putting a limitation upon the prohibition, whereby on such vote of six members in favor of an expenditure, outside of the necessary expenses, the appropriation may be made.

It must be admitted that the phraseology used in the enactment is somewhat obscure, and its purpose difficult to arrive at satisfactorily, in other words, to tell whether the concluding words restrain action in regard to *necessary expenses* or qualify the extent of the preceding inhibitory clause.

Our reflections, aided by the able arguments of counsel, lead us to the adoption of the construction put upon the section by the defendant, which eliminates appropriations for necessary expenses from the previous prohibitory words, and attaches to the latter the qualification in the closing words.

This leaves the city in the precise condition and in the possession of the powers specified in §7, Article 7, of the Constitution, which indirectly, but not less explicitly, permits the exercise by municipal bodies of the power of making provision for necessary expenses, free from the restraints in other cases. This conceded constitutional right

is denied in the charter when interpreted as contended by the plaintiff. This places these provisions in harmony.

It is not entirely correct to say, as does the plaintiff's counsel, that the Constitution imposes the restraint upon outside expenditures, and therefore the restrictive words, if confined to them, would be without force and meaningless. The Constitution prohibits the contracting of a debt or the levying of any tax except for necessary municipal purposes without the sanction of a majority of the qualified voters, *Southerland* vs. *Goldsboro,* 96 N. C., 49, but does not extend in terms to the disposition of funds in the treasury of the municipal corporation, while the charter has reference to the latter. The one antagonizes the contracting of debts for the forbidden objects, the other the improper appropriations of money without the assent of the specified number of members of the board. And further, when the popular vote approves the proposed expenditure and legalizes the borrowing of money and the levying of the tax, the charter does not permit the withdrawal of it unless on the conditions specified in it.

If the restriction was intended to be universal, why was it necessary to insert section 50, which specifically requires a contract for work and material for the city exceeding $200, to be made with concurrence of the six members? If all contracts and all appropriations are forbidden even for the city's necessities, why are these contracts singled out and the disabling clause applied to them?

We think a free and reasonable construction of the charter is, that necessary expenses are wholly excepted, and the clause was intended to qualify the general restraint, and permit other expenditures not forbidden in the Constitution when six members should favor and sustain them.

A contrary view meets with numerous and almost insurmountable difficulties, for it might enable a minority well nigh to paralyse the operations of the city government, and

totally obstruct the exercise of the functions of its officers in matters involving the public welfare.

It is needless to go into details and point out these possible embarrassments, which the General Assembly can hardly be presumed to have intended in passing the charter.

There is, therefore, error in the ruling of the Judge and in the order for an issue of an injunction against making provision for necessary municipal expenses unless with the concurrence of six members of the council, and so far it must be reversed and the cause be allowed to proceed in the Court below.    Let this be certified.

Error.                      .                Reversed.