JOHN H. HAYES v. JOHN H. GREEN AND J. A. HARPER, ADMR. OF H. A. FEIMSTER.

(Filed 21 May, 1924.)

1. **Bills and Notes—Negotiable Instruments—Possession—Title—Presumptions—Evidence—Nonsuit.**

In an action upon a negotiable note by one claiming as holder in due course, where the payee or his administrator has intervened and produces the note, upon the trial, not endorsed or assigned, the legal title is presumed to be in the intervener; and, without further evidence, a judgment in his favor against the plaintiff as of nonsuit is properly allowed, and the intervener is entitled to recover thereon against the maker.

2. **Same—Statutes.**

While the possession of a negotiable note by one claiming in due course raises the presumption against the maker that such holder has the legal title, this presumption does not extend to the payee of the unindorsed note. C. S., 3040.

APPEAL by plaintiff from *Long, J.,* at January Special Term, 1924, of BURKE.

Civil action, to recover upon six promissory notes. From a judgment of nonsuit plaintiff appeals.

*Councill & Yount for plaintiff.*
*Avery & Ervin and Spainhour & Mull for defendant Harper.*

STACY, J. On 29 March, 1918, the defendant John H. Green executed and delivered to H. A. Feimster six negotiable promissory notes, aggregating $700.00, and secured by mortgage on real estate. The notes were made payable to H. A. Feimster or order. The plaintiff alleges that said notes and mortgage were duly delivered and transferred to him by H. A. Feimster, or his agent, for full value and before maturity, but none of these instruments bear any endorsement of the payee. H. A. Feimster is now dead; his administrator, J. A. Harper, has intervened in this suit and set up claim to said notes and mortgage. The defendant John H. Green admits the execution and delivery of the notes and mortgage in question, and stands ready to pay the same as soon as the plaintiff and J. A. Harper, administrator, can determine, as between themselves, the question of title to said instruments.

At the close of all the evidence the defendant's motion for judgment as of nonsuit was allowed.

While the administrator of H. A. Feimster appears on the record as a party defendant, it is conceded that he really came into the case as an interpleader or intervener. The notes and mortgage were offered in evidence by him. They were made payable to his intestate and were not endorsed or assigned by any one. The legal title, therefore, was in the intervener, J. A. Harper, administrator. *Robertson v. Dunn,* 87 N. C., 191. Conceding that said notes and mortgage were in the possession of the plaintiff, which made out a *prima facie* case of ownership as against the maker, John H. Green (C. S., 3040; *Jackson v. Love,* 82 N. C., 405), this *prima facie* case, or presumption of ownership, would not extend to the payee, or his administrator, who held the legal title to them. *Holly v. Holly,* 94 N. C., 670.

Nothing else appearing, his Honor was correct in holding that the intervener was the owner of said notes and mortgage and entitled to their collection. *Vann v. Edwards,* 130 N. C., p. 72; *Bank v. Drug Co.,* 152 N. C., 142; 50 L. R. A. (N. S.), 581, and note.

Affirmed.