PRICE REAL ESTATE AND INSURANCE COMPANY v. A. C. JONES, TRUSTEE, AND J. C. M. VANN, ADMINISTRATOR OF THE ESTATE OF C. N. SIMPSON.

(Filed 17 February, 1926.)

**1. Bills and Notes—Negotiable Instrument—Possession—Presumptions— Due Course—Statutes—Executors and Administrators—Actions.**

Where a negotiable instrument has been endorsed to decedent and found among his papers after his death, nothing else appearing, he is prima facie presumed to have acquired it in due course, for value, under the provisions of our negotiable instrument law; and when this is in evidence in an action by the executor or administrator, it is sufficient to take the case to the jury, and deny defendant's motion as of nonsuit. C. S., 3040, 2989, 3010, 3026.

**2. Appeal and Error—Objections and Exceptions—Admissions.**

An assignment of error abandoned on appeal is taken as admitted.

**3. Evidence — Prima Facie Case — Rebuttal—Negotiable Instruments— Holder in Due Course.**

Where there is a prima facie case made out by one in possession of a negotiable instrument, that he is a holder thereof in due course, it is sufficient to take the case to the jury upon the issue, but this presumption may be rebutted by other evidence.

**4. Bills and Notes—Due Course—Evidence—Prima Facie Case—Fraud— Burden of Proof.**

Where the plaintiff in the action has made out a prima facie case as being a holder in due course for value, it may be rebutted by evidence of defendant that he acquired by fraud or with notice of a defect therein, and thereupon the burden of proof is on the plaintiff.

**5. Evidence — Deceased Persons — Transactions and Communications— Statutes.**

Where the administrator of the deceased claims that his intestate was a holder of a negotiable instrument in due course for value, and relies upon his intestate's possession to make out a prima facie case, it is not a personal transaction or communication with the deceased, prohibited by statute, for it may be shown in rebuttal, that after maturity it was seen in the possession of another claimant of the title. C. S., 1795.

APPEAL by plaintiff and intervener or interpleader, from *Francis D. Winston, Emergency Judge,* and a jury, June Special Term, 1925, of GASTON. New trial.

This was a civil action brought by plaintiff to restrain and enjoin A. C. Jones, trustee, from selling certain land under deed in trust. A. E. Woltz was an intervener in the action.

The facts from the record are:

Deed in trust from J. L. Price to A. C. Jones, trustee for R. F. Price, to secure a bond of $2,600, dated 5 September, 1914, due 1 November, 1915, interest from date, balance purchase money on certain land in Gastonia, N. C. Deed in trust duly recorded in the register of deeds office for Gaston County, Book 111, p. 339.

The note and endorsements are as follows:

"$2,600.00                   Gastonia, N. C., 5 September, 1914.

"On or before 1 November, 1915, after date I promise to pay to the order of R. F. Price, two thousand and six hundred dollars, with interest at 6 per cent per annum from date payable annually. Value received. This bond secured by mortgage on real estate in Gaston County, N. C. Being part of purchase price of property described in attached deed of trust.

"Protest, presentment and notice of dishonor waived by all parties to this note.                         J. L. PRICE (Seal)."

"Witness: R. C. PATRICK."

Endorsements on the back:

"Pay to C. N. Simpson, 15 September, 1914, R. F. Price.

"Interest on this note paid to 5 September, 1915.

"$156.00. Paid one hundred and fifty-six dollars by J. L. Price 4 October, 1916.

"$156.00. Received one hundred and fifty-six dollars 16 August, 1917, balance due $2,597.58. Balance due 1-1-20 $2,983.11."

The same property was conveyed thereafter as follows:

(1) J. L. Price and wife, Dora E. Price to A. E. Woltz, 9 November, 1915, with full covenants of seizin and warranty. Deed recorded in the office register of deeds Gaston County, Book 114 p. 139, consideration $4,000.

(3) A. E. Woltz and wife, Daisy C. Woltz, to D. W. Mitchem, 14 April, 1917, with full covenants of seizin and warranty. Deed recorded in office register of deeds of Gaston County, Book 124, p. 135, consideration $5,750.

(4) D. W. Mitchem and wife, M. A. Mitchem, to plaintiff, 22 April, 1918, with full covenant of seizin and warranty, deed recorded in office register of deeds, Book ..., p. ...., consideration $5,750.

The plaintiff and A. E. Woltz, the intervener, alleged that the $2,600 note was paid and also set up the defense: "That as the plaintiff is informed and believes, if the said note was negotiated to the said C. N. Simpson, he had notice of the infirmity in the instrument of defect in the title of the person negotiating it, and the title to said judgment was defective and the same was obtained by fraud and unlawful means,

and was negotiated to said C. N. Simpson in breach of faith and under circumstances amounting to fraud, of which the said C. N. Simpson had actual knowledge, or knowledge of such facts that his action in taking the instrument amounted to bad faith for the reasons hereinbefore set out, and for the reason that as the plaintiff is informed and believes, the said R. F. Price obtained possession of such note by fraud and without the knowledge of the maker or holder thereof, and at the time the said C. N. Simpson got possession thereof or at the subsequent date thereto, such note was fully paid and satisfied, or there was no consideration for the execution of the same by the said R. F. Price, or such consideration was illegal, all of which both the said R. F. Price and C. N. Simpson knew, or had reasonable grounds to believe, and such note is null and void in the hands of the administrator of the said C. N. Simpson."

C. N. Simpson, the alleged owner of the note, is dead and J. C. M. Vann was duly appointed administrator of his estate and the defendant in this suit. The administrator denied the allegations of plaintiff and intervener and set up ownership of the note in his intestate, C. N. Simpson. In 1919, J. L. Price was adjudged a bankrupt. R. F. Price, the payee in the note, is dead.

The issues submitted and the answers thereto were as follows:

"1. What is the amount of the debt now due the estate of C. N. Simpson and J. C. M. Vann, administrator on account of the note for $2,600, set out in the pleadings? Answer: $2,600, with interest since 1 November, 1917.

"2. Is the interpleader, A. E. Woltz, entitled to a prior lien on said lands by reason of the note introduced in evidence and assigned to the said A. E. Woltz by E. H. Adams or his agent? If so, in what amount and from what date does said lien attach? Answer: Yes, $915.00, interest from 20 November, 1915, and the lien attaches since 14 June, 1914."

At the close of the interpleader's evidence, the defendant, J. C. M. Vann, administrator of C. N. Simpson, moved for judgment as of nonsuit. At the close of all the evidence the defendant, J. C. M. Vann, administrator, moved for judgment as of nonsuit. Motion was allowed as to plaintiff and overruled as to interpleader, A. E. Woltz.

The charge of the court below was as follows: "The court directs you to find as a matter of law this $2,600, with interest from 1 November, 1917, and you will so find under the charge of the court."

Under the charge of the court, the jury rendered the verdict above set forth. Judgment was rendered on the verdict. Numerous exceptions and assignments of error were made by plaintiff and intervener to the

admission and exclusion of evidence, judgment as in case of nonsuit and the charge of the court. The main ones, and other necessary facts, will be considered in the opinion.

*S. J. Durham and Mangum & Denny for plaintiff and interpleader or intervener.*
*Gilliam Craig and J. F. Milliken for defendants.*

CLARKSON, J. The verdict on the second issue was not appealed from by defendants.

·The matters for our decision are in regard to the judgment as of nonsuit, the instructions of the court below on the first issue, and the admission and exclusion of certain evidence offered on the trial.

The deed in trust on the land in controversy from J. L. Price to A. C. Jones, trustee for R. F. Price, to secure bond for $2,600, was dated 5 September, 1914, and due 1 November, 1915, and duly recorded.

M. L. Flow testified, in part: "I live in Monroe. I knew the late R. F. Price. I knew the late C. N. Simpson. I am familiar with their handwriting. I have seen R. F. Price write. I saw J. L. Price sign his name a few times. I have seen 'Squire' C. N. Simpson write very often. I am thoroughly familiar with his handwriting. I have been connected with the administration of justice for about fifty years as former ·deputy clerk of court, notary public, U. S. commissioner, and justice of the peace." He testified to the handwriting of J. L. Price, the maker of the note and deed in trust in controversy, and R. F. Price the payee in the note and assignor of the note. He also testified that "Pay to— C. N. Simpson" and the notation of interest on the back of the note, etc., was in the handwriting of C. N. Simpson. J. C. M. Vann, administrator of C. N. Simpson, after testimony of Flow, stated the note and deed in trust came into his possession as administrator with other ·papers considered as assets of the estate of C. N. Simpson.

The exceptions and assignments of error to the above testimony of M. L. Flow (5, 6, 7, 8) were abandoned by plaintiff and intervener. The note sued on was a negotiable instrument. C. S., 2982, 2987.

C. S., 3040, defines who is deemed a holder in due course: "Every holder is deemed prima facie to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title." A note payable to a specific person, or his order is

negotiable (C. S., 2989). If payable to order, it is negotiated by the endorsement and completed by delivery (C. S., 3010).

C. S., 3026, is as follows: "Except where an endorsement bears date after the maturity of the instrument, every negotiation is deemed prima facie to have been effected before the instrument was overdue."

Under the above negotiable-instrument law, when J. L. Price made the negotiable note in controversy to R. F. Price and R. F. Price endorsed and delivered it and it was in the possession of C. N. Simpson at his death, his administrator became prima facie the holder, he "is deemed prima facie to be the holder in due course." By due course is meant that C. N. Simpson became the holder before maturity; that he took the note for good faith and value and without notice of any infirmity in the instrument or defect in the title of the person negotiating it. Nothing else appearing, this entitles the holder, the defendant J. C. M. Vann, administrator of C. N. Simpson to recover on the note. By presenting the note, proved to be signed by J. L. Price and proof of the endorsement of the payee R. F. Price (the method of proof in the present case the assignments of error abandoned, therefore admitted), Vann, administrator of Simpson, makes out a prima facie case, that is, a case sufficient to justify a verdict, but this prima facie case may be rebutted. How?—By plaintiff and intervener introducing evidence tending to show that the execution of the note had been obtained by fraud and tainted with illegality (infirmity in the note and defect in the title), and thereupon the burden devolved upon the holder in due course, Vann, administrator of Simpson, to show by the greater weight of the evidence, that he acquired the note before maturity, bona fide, for value, without notice of any infirmity in the note or defect in the title (fraud or illegality) of R. F. Price negotiating it. Such notice on the part of the holder means either actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the note amounted to bad faith. *Holleman v. Trust Co.,* 185 N. C., 49; *Hayes v. Green,* 187 N. C., 776; *Bank v. Felton,* 188 N. C., 386; *Proctor v. Fertilizer Co.,* 189 N. C., 243.

Plaintiff and the intervener, A. E. Woltz, allege and contend: (1) That C. N. Simpson was not a holder in due course, (2) payment in full of the note to R. F. Price, payee in the note, endorser and assignor to Simpson. The contention of payment to R. F. Price would not be good if C. N. Simpson was a holder in due course. The court below, under C. S., 567, on motion of Vann, administrator of Simpson, granted the motion for judgment as in case of nonsuit against plaintiff, Price Real Estate and Insurance Company, and, on the evidence in the case, directed the jury to render a verdict on the first issue in favor of Vann, ad-

ministrator of Simpson for $2,600, with interest from 1 November, 1917. In this we think there was error.

C. S., 1795, is as follows: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic; except where the executor, administrator, survivor, committee or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication."

A. E. Woltz testified, without objection, as follows: "In answer to your question to state when the men were in my office, will say it was sometime in November, I should say, I was cleaning up the record and trying to get the mortgage out of the way. It probably was dated 9 November, 1915. I was getting up the encumbrances. J. L. Price and R. F. Price were there. Q. At the time you were there, did you see in his possession, of R. F. Price, a note and mortgage given by J. L. Price? Answer: I did, and he took it and promised to have Mr. Jones cancel it." The Jones referred to was defendant A. C. Jones, trustee in the deed in trust securing the $2,600 note.

A. E. Woltz was speaking about the $2,600 note and deed in trust in controversy that J. L. Price made to R. F. Price. This evidence of Woltz was not objected to by Vann, administrator of Simpson. We do not think this evidence "a personal transaction or communication between the witness and the deceased person," etc. It was competent evidence, unobjected to; its probative force was for the jury.

In *Lane v. Rogers,* 113 N. C., 171, it was held that the witness might say she saw the book in the hands of the deceased, at the time and place in question, but not that the deceased handed her the book. *Gray v. Cooper,* 65 N. C., 183; *March v. Verble,* 79 N. C., 19; *McCall v. Wilson,* 101 N. C., 598; *Sawyer v. Grandy,* 113 N. C., 42; *McEwan v. Brown,* 176 N. C., 249; *In re Bradford,* 183 N. C., 6; *In re Harrison,* 183 N. C., 460.

The authorities are to the effect in this jurisdiction that a witness may testify to a substantive, independent fact. This testimony would indicate that on 9 November, 1915, after maturity of the $2,600 note, that

J. L. Price gave R. F. Price, and now claimed by Vann, administrator of Simpson as a holder in due course, was in the possession of R. F. Price. If this be true, the probative force is for the jury. It is some evidence that Vann, administrator of Simpson, is not a holder in due course and the note in the hands of Vann, administrator, is subject to any equities that the plaintiff and˙ Woltz can show by competent evidence, either direct or circumstantial.

There was error˙ in granting the nonsuit as to plaintiff and the charge as given by the court below.

New trial.