MARY HATCH HARRISON ET AL. v. THE CITY OF NEW BERN ET AL.

(Filed 13 April, 1927.)

**1. Trial by Jury—Agreement by Parties—Waiver — Evidence — Appeal and Error—Constitutional Law.**

Where the parties to an action agree that the trial judge find the facts, they thereby waive a trial by jury, and the facts so found by him upon supporting evidence are conclusive on appeal.

**2. Municipal Corporations—Cities and Towns—Cemeteries—Deeds and Conveyances—Statutes—Equity—Injunction.**

Where the proper authorities of a city have purchased lands for a Negro cemetery in excess of the fifty acres allowed by C. S., 2623, in good faith, to meet a necessary need therefor, and at a reasonable price, and have paid therefor and accepted a deed from the owners, injunctive relief at the suit of the taxpayers will be denied.

**3. Same—Suits—Taxpayers—Excess of Lands for Cemetery Purposes—Procedure.**

Where the proper authorities of a city have, in good faith and at a fair price, purchased an acreage of lands in excess of that allowed by C. S., 2623, have paid the purchase price and received the deed, in a suit to enjoin the transaction brought by the taxpayers:  *Held,* the relief sought to declare the transaction void and to place the parties *in statu quo* will be denied, and a judgment requiring the city, within a stated time, either to sell the excess or to use it for proper city purposes, etc., retaining the cause for further orders, is proper.

**4. Municipal Corporations—Cities and Towns—Statutes—Budget—Cemeteries—Actions—Injunction—Taxpayers.**

The failure of the board of aldermen of a city to make provision in their budget for moneys for the purchase of a city cemetery gives the taxpayers no right to injunctive relief after the transaction has been closed, the remedy being by direct action by the State as to the right of the municipality to hold the title thus vested in it.

APPEAL by plaintiff from *Sinclair, J.,* at October Term, 1926, of CRAVEN. Affirmed.

On 6 March, 1926, the defendant, the city of New Bern, purchased of defendants, L. H. Cannon and R. L. Stallings, two tracts of land, located about three miles from the corporate limits of said city, containing in all about 93 acres, paying therefor the sum of $13,500. These tracts of land were conveyed to said city by deeds of L. H. Cannon and wife, and R. L. Stallings and wife, which were duly recorded on 8 March, 1926.

In this action, begun on 28 April, 1926, plaintiffs allege that said tracts of land were purchased by said city to be used as a cemetery for the burial of persons of the negro race; that such use of said tracts of land will injuriously affect the value of other lands adjacent to said tracts in which plaintiffs are interested, and that by reason of their location at a distance of three miles from the city, the said lands are not suitable for a cemetery in which to bury negroes who die in said city.

Upon these allegations plaintiffs pray judgment that the city of New Bern, its mayor and board of aldermen be restrained and enjoined perpetually from using said tracts of land as a cemetery for the burial of persons of the negro race.

Plaintiffs further allege that the purchase of said tracts of land, containing in all 93 acres, was unlawful for that (1) the city of New Bern is without authority to purchase and hold more than 50 acres of land, whether within or without its corporate limits, for the purpose of a cemetery (C. S., 2623, sub-sec. 3); (2) no provision was made in the budget of said city for the fiscal year, including the month of March, 1926, for an appropriation for the purchase of said tracts of land (C. S., 2922 *et seq.*); and (3) the purchase of said tracts of land was a fraud upon the said city, in which its mayor, the chairman of the committee on cemeteries of its board of aldermen, and the defendants, L. H. Cannon and R. L. Stallings, participated.

Upon these allegations plaintiffs pray judgment that said purchase be declared unlawful and void, and that defendants, L. H. Cannon and R. L. Stallings, be required to pay back to the city of New Bern the

sums of money paid to them, respectively, as the purchase price for said tracts of land, and that the said city be required to reconvey said tracts of land to said L. H. Cannon and R. L. Stallings, or that their deeds to the city be declared void and ordered canceled.

A trial by jury was duly waived by the parties hereto, and it was agreed that the judge should find the facts from the affidavits filed and the testimony of witnesses, and render judgment thereon.

From the judgment upon the facts found by the judge, plaintiffs appealed to the Supreme Court.

*Ward & Ward and Whitehurst & Barden for plaintiffs.*
*Moore & Dunn for the City of New Bern.*
*Ernest M. Green for defendant, L. H. Cannon.*
*Guion & Guion for defendant, R. L. Stallings.*

CONNOR, J.   Plaintiffs filed twenty-eight exceptions to the findings of fact made by *Sinclair, J.,* and to his judgment rendered thereon. Fifteen of these exceptions are that his Honor failed to find the facts set out in each of said exceptions; six of the exceptions are that his Honor found the facts as set out therein. Neither of these exceptions can be sustained.

There was evidence to support each of the findings of fact as made by his Honor. Where the parties waive a trial by jury and agree that the judge may hear the evidence, and find the facts therefrom, a finding of fact by the judge is as conclusive, when there is evidence to support such finding, as a finding of fact by a referee or by a jury.   In *Buchanan v. Clark,* 164 N. C., 56, *Walker, J.,* says: "Parties can have their causes tried by a jury, by reference, or by the court. They may waive the right of trial by jury by consenting that the judge may try the case without a jury, in which event he finds the facts and declares the law arising thereon. His findings of fact are conclusive, unless proper exception is made in apt time, and there is no evidence to support his findings or any one or more of them." This principle is well settled.

The facts set out in plaintiffs' exceptions, and which they contend the judge should have found from the evidence, were either admitted in the pleadings, controverted by the defendants, or immaterial. As to those controverted by defendants, there was a conflict in the evidence, and the judge's failure to find the facts to be as contended by plaintiffs cannot be held as error. The plaintiffs had agreed that the judge should hear the evidence and find the facts. The judge by reason of such agreement passed upon both the credibility of the evidence and its weight, in determining the facts upon which he should render judgment.

The facts which are determinative of the rights of the parties to this action, as found by the judge, and upon which he rendered the judgment to which plaintiffs excepted, are as follows:

1. "That the city of New Bern is a thriving, growing town, with a large colored population."

2. "That there is and was an actual, instant and imperative need of lands for a cemetery for the burial of the colored dead of the city of New Bern."

3. "That said lands were the only available and suitable lands for such purposes and are as conveniently situated as the said city could reasonably obtain."

4. "That the use of said lands for cemetery purposes need not be a nuisance, and at the time of bringing this action, and of the hearing, no objectionable use has been made of said lands by the city."

Upon the foregoing facts, there is no error in the judgment dissolving the temporary restraining order theretofore issued in this action and refusing to restrain and enjoin the city of New Bern, its mayor and board of aldermen from using not exceeding fifty acres of said land for cemetery purposes.

In further support of the judgment the judge found facts as follows:

1. "That no provision was made in the budget for the payment of the purchase price for said lands, but the acquisition of lands for use as a cemetery was immediately necessary, and the city officials were justified in acting upon such an emergency."

2. "That in such an emergency the city officers acted for the best interests of the city in purchasing the lands described in the complaint."

3. "That the price paid by the city for said lands is reasonable and in keeping with the price of adjacent and adjoining lands."

4. "That there was no moral turpitude or fraud on the part of any of the defendants or of any the city officials of the city of New Bern."

5. "That the purchase of the land as set forth in the complaint is no longer an executory contract, but is an executed contract, fully completed, and the whole purchase money paid."

Upon the foregoing facts, "it was ordered, adjudged and decreed that the defendant, the city of New Bern, is seized in fee simple of the lands described in the complaint, and that the said city be and it is now authorized and empowered to select so much as fifty acres of said land to be used by it for cemetery purposes; that the defendant, the city of New Bern, be and it is hereby authorized now to elect either to appropriate and use the residue of the lands for city purposes other than cemetery purposes, or to sell the same at public or private sale at a price and on terms to be submitted to and approved by this court.

This cause is retained to the end hereinabove provided, and in the event the city elects to retain the residue of the property after allotment of so much as not more than fifty acres thereof for cemetery purposes, such election shall, within the period of sixty days, be duly certified in this cause; and in the event the city elects to sell the residue of said property, it shall within a period of sixty days from the date hereof proceed to obtain bids, either at public or private sale, and submit same to this court.

This cause is retained, and the plaintiffs are adjudged to pay the cost."

The judge having found that there was no fraud in the transaction, which resulted in the purchase by the city of the lands described in the complaint, and in the conveyance of said lands to the city by deeds duly recorded, either on the part of the officials who acted therein for the city, or on the part of defendants, who sold and conveyed the same to the city, and that said transaction was completed prior to the commencement of this action, there is no error in the judgment denying the plaintiffs the relief which they seek in this action against defendants, L. H. Cannon and R. L. Stallings. Although its acts in purchasing said lands and paying therefor were *ultra vires,* the city of New Bern, upon the facts found by the judge, could not maintain an action to rescind or set aside the transaction. The principle is stated, with many authorities to sustain the statement, in 14a, C. J., 319, as follows:

"The general rule is that *ultra vires* transactions are recognized as unassailable, and are permitted to stand as the foundation of rights acquired under them, after they have been fully performed. . . . A frequently repeated judicial doctrine is that executed dealings of a corporation must be allowed to stand for and against both parties where the plainest rules of good faith require it."

Plaintiffs as taxpayers and residents of the city are not entitled to relief as against these defendants, which would be denied to the city.

Although the purchase of the lands for the purpose of a cemetery, and the payment of the purchase price therefor by the city were *ultra vires,* for that said lands contained more than fifty acres (C. S., 2623, subsec. 3), and no provision had been made in the city's budget for an appropriation for the payment therefor (C. S., 2922 *et seq.,* and C. S., 2960), it does not follow that plaintiffs, as taxpayers and residents of the city, are entiled to the relief sought in this action against the city of New Bern. The principle applicable to the facts is stated in 28 Cyc., 632, as follows:

"Where a municipal corporation, having power under its charter to acquire and hold real estate for some purposes, takes a conveyance of property for an unauthorized purpose, although the transaction is *ultra*

*vires,* the deed is not void, but vests title in the corporation, and its power to hold the property can be question only by the State in a direct proceeding for that purpose."

Upon all the facts found by the judge we find no error in the judgment.

By its terms the city will hold and use, as it is authorized by statute to do, not exceeding fifty acres of land purchased by it for the purpose of a cemetery.

While the board of aldermen has made an appropriation of money for which no provision was made in the budget, and has paid same out of the city's treasury, in violation of the statute, the city has received full value for said money. This money was paid by the city to defendants, L. H. Cannon and R. L. Stallings, who received the same in good faith, prior to the commencement of this action. The plaintiffs, as taxpayers, are not entitled to judgment requiring these defendants to return the money to the city. The judgment is

Affirmed.