W. H. HALL ET AL. v. F. M. REDD ET AL.

(Filed 13 February, 1929.)

**1. Municipal Corporations—Public Improvements—Parks and Recreation Grounds.**

Where the commissioners of a city have purchased lands tacitly or expressly for the purpose of a public park, and have sold the same and turned the proceeds over to a city park and recreation commission created by statute, an action brought to require the defendants to place in the city treasury the sum so paid is an affirmance of the city's right to have purchased and to have sold the lands; and *Held further,* that the transaction having been completed, the question has become academic.

**2. Same—Taxation Without Vote of People.**

> Where a city sells land used for recreation purposes and turns the proceeds of the sale over to its park and recreation commission the action is not a pledging of its faith and credit so as to involve the imposition of a tax, and our constitutional provision requiring a vote of the people for the levy of a tax except for necessary expenses is inapplicable, Art. VII, sec. 7, and this result is not affected by the fact that the statutory park commission was limited in its annual expenditures to an amount to be derived from a certain *ad valorem* tax.

APPEAL by plaintiffs from *Harding, J.,* at June Term, 1928, of MECKLENBURG.

Civil action brought by plaintiffs to require the defendants to place into the treasury of the city of Charlotte the sum of $42,851.65, the amount derived from the sale of certain park lands and turned over to the "Charlotte Park and Recreation Commission" to be used in acquiring or accepting other lands and making permanent improvements with respect to parks and playgrounds managed and controlled by said commission in the interest of the citizens of the city of Charlotte.

In 1923 the city of Charlotte purchased a tract of land from Sallie S. Anderson, known as the Irwin Creek property, with the tacit, if not express, understanding that said property should be used for park purposes.

In 1927 this land was sold and the proceeds derived therefrom were, by resolution of the commissioners of the city of Charlotte, turned over to the Charlotte Park and Recreation Commission, a corporation created by chapter 51, Private Laws 1927, and charged with the management and general supervision, in the interest of the public, of parks and playgrounds within or near the city of Charlotte, etc.

The act creating the "Charlotte Park and Recreation Commission" was approved by a majority vote of the qualified voters of the city of Charlotte. This act provides for an annual *ad valorem* tax levy, for park purposes, of 2 cents on each hundred dollars of assessed property in the city of Charlotte, to be turned over to said Park and Recreation Commission; but the commission has no "power to contract any debt or incur any obligation in excess of the amount of taxes levied by the governing body of the city of Charlotte for park purposes for the current year." It is the contention of the plaintiffs that, under this limitation, the appropriation of said funds is unlawful, and that the same should be covered back into the treasury of the city of Charlotte.

From a verdict and judgment denying to plaintiffs the relief sought, plaintiffs appeal, assigning errors.

*J. F. Flowers and H. L. Taylor for plaintiffs.*
*Carol D. Taliaferro, Frank W. Orr and Jno. A. McRae for defendants.*

STACY, C. J. While the plaintiffs in their brief would repudiate the sale and purchase of the Irwin Creek property in 1923 as unlawful, yet their suit is in affirmation of the purchase of said property. They are now seeking to recover for the city of Charlotte the moneys derived from a sale of said lands. Furthermore, that has long since become an executed transaction, and the question would seem to be academic. *Torrence v. Charlotte,* 163 N. C., 562, 80 S. E., 53; *Harrison v. New Bern,* 193 N. C., 555, 137 S. E., 582.

Nor can the limitation on the power of the Park and Recreation Commission "to contract any debt or incur any obligation in excess of the amount of taxes levied by the governing body of the city of Charlotte for park purposes for the current year" be held to prohibit the commissioners of the city of Charlotte from appropriating funds already in hand, derived from the sale of park property, for park purposes, or for a legitimate public use. *Adams v. Durham,* 189 N. C., 232, 126 S. E., 611; *Berry v. Durham,* 186 N. C., 421, 119 S. E., 748. It is not proposed that the municipality shall contract any debt or loan its credit so as to involve the imposition of a tax. Hence, this renders Article VII, section 7, of the Constitution, requiring a vote of the people, except for a necessary expense, inapplicable. *Brockenbrough v. Commissioners,* 134 N. C., 1, 46 S. E., 28; *Gardner v. New Bern,* 98 N. C., 228, 3 S. E., 500.

The record presents no exceptive assignment of error of sufficient merit to warrant a new trial or a reversal of the judgment.

No error.