G. FRANK HONEYCUTT v. L. N. BURLESON and C. L. SPEARS, EXECUTORS of R. B. HARTWICK.

(Filed 4 December, 1929.)

1. **Evidence D b—C. S., 1795 applies to persons interested in event whether parties or not.**

    The provisions of C. S., 1795, excluding testimony of transactions and communications with a deceased person by a party in interest, are not confined to the parties to the action, but extend to testimony of a witness interested in the result of the action.

2. **Same—Inchoate right of dower is interest in event within purview of C. S., 1795.**

    The interest which a married woman has in the real property of her husband before and during coverture comes within the intent and meaning of C. S., 1795, and will exclude testimony by her of a communication or transaction between her husband and a deceased person as to a contract made between them whereby a mortgage on the lands of her husband executed prior to his marriage was to be canceled by the deceased.

APPEAL by defendants from *Stack, J.*, at August Term, 1929, of CABARRUS.

On 31 March, 1923, the plaintiff mortgaged a tract of land to R. B. Hartwick, testator of the defendants, to secure $1,900, due 31 March, 1924. The title was encumbered by a prior mortgage in the sum of $2,800. The plaintiff made certain payments on his mortgage, the last on or about 19 January, 1924. He alleges that in the summer of 1925 a contract was made by him and the defendants' testator, by which the testator agreed to remit the remainder due on his mortgage, except the interest due in the fall of 1925, and to cancel the papers if the plaintiff

and his wife would look after, nurse, and care for the testator during his natural life and see that he was not committed to a hospital or to the county home; and that the plaintiff has in all respects performed his part of the contract. The action was brought to restrain a sale of the. land under the terms of the mortgage. The material allegations of the complaint were denied and the following verdict was returned:

1. Did the testator, R. Baxter Hartwick, in 1925, contract and agree with the plaintiff, G. Frank Honeycutt, that he would give the plaintiff the balance due by him to the said Hartwick on a note and mortgage for $1,900 if the plaintiff's wife would look after, nurse, and see that said Hartwick was cared for during his life, and never allow him to go to the hospital or to the county home, as alleged in the complaint? Answer: Yes.

2. If so, did the plaintiff perform his part of said agreement? Answer: Yes.

Judgment for plaintiff; appeal by defendants.

*Hartsell & Hartsell for plaintiff.*
*H. S. Williams and Palmer & Blackwelder for defendants.*

ADAMS, J. The plaintiff's wife was permitted to testify concerning the execution and the terms of the alleged contract between the plaintiff and the testator of the defendants, who was the mortgagee. An exception of the appellants contests the competency of her testimony on these points.

Upon the trial of an action a party or a person interested in the event shall not be examined as a witness in his own behalf or interest against the executor, administrator, or survivor of a deceased person concerning a personal transaction or communication between the witness and the deceased, except in certain instances which are not material in this case. C. S., 1795. The two immediate questions are whether the plaintiff was interested in the event of the action and whether she testified in her own behalf or interest to a personal transaction with the deceased mortgagee. That she testified to a personal transaction is beyond controversy.

A married woman upon the death of her husband intestate, or she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements, and hereditaments whereof her husband was seized and possessed at any time during coverture, and in like manner to such an estate in all legal rights of redemption, equities of redemption, or other equitable estates in land whereof her husband was seized in fee at any time during the coverture, subject to all valid encumbrances existing before the coverture or made during the coverture with her free consent lawfully appearing. C. S., 4100.

The plaintiff was not married at the time he executed the mortgage to R. B. Hartwick; the mortgagee, therefore, held the legal title to the mortgaged land subject to the right of redemption. *Lewis v. Nunn,* 180 N. C., 159; *Hogan v. Utter,* 175 N. C., 332; *Lumber Co. v. Hudson,* 153 N. C., 96. Upon her marriage his wife became dowable of an equity of redemption in the mortgaged property. If the land had been sold and the purchase price had not exceeded the debt there would have been no proceeds subject to her claim; if there had been an excess the value of her interest would have been much less than if the mortgage had been canceled, for in the latter event she would be dowable of the entire unencumbered tract. The cancellation of the mortgage was a matter in which she had a direct pecuniary interest. Section 1795 applies, not only to a party, but to any person having a pecuniary or legal interest in the event of the action. *Jones v. Emory,* 115 N. C., 158. Upon this principle it was held in *Linebarger v. Linebarger,* 143 N. C., 229, that upon an issue of *devisavit vel non* the wife of a caveator, who was also an heir at law of the testator, was prohibited from testifying to declarations of the testator tending to show undue influence. If her husband had acquired an interest in the land the wife would at once have been entitled to an inchoate right of dower. In *Helsabeck v. Doub,* 167 N. C., 205, the wife's testimony was held to be competent for the reason that if her husband recovered the value of his services to the deceased she would have no right growing out of the marriage relation which would attach to the money recovered. Indeed, the distinction between the two is pointed out in the latter case.

The wife's testimony concerning a personal transaction with the testator should have been excluded, and its admission entitles the defendants to a

New trial.