MRS. R. A. HALL v. WILLIE G. BOYKIN ET AL.

(Filed 17 March, 1937.)

**Bills and Notes § 27—Plaintiff must show ownership of note sued on, and directed verdict for her without introduction of evidence by her is error.**

In an action on a note and to foreclose mortgage security plaintiff alleged that she was the owner of the note executed by one defendant to the other. The payee named in the note denied the allegation of ownership, and, upon the court's erroneous ruling that the burden was on him, proffered evidence, which was excluded, that he was the owner of the note. The court thereupon directed a verdict for plaintiff without the introduction of evidence by her. *Held:* Defendant's exception to the directed verdict is well taken.

APPEAL by defendant J. W. Boyett from *Cranmer, J.,* at September Term, 1936, of JOHNSTON.

Civil action to recover on promissory note and to foreclose mortgage security.

Plaintiff alleges that she is the owner and holder of a note for $552.50, executed by Willie G. Boykin to J. W. Boyette on 1 December, 1929, payable 1 January, 1931, and secured by mortgage, which allegation is denied in the answer of J. W. Boyette.

When the pleadings were read, the court ruled that the burden of proof was on the defendant; whereupon, the defendant Boyette proffered testimony to the effect that he was the owner of the "Boykin note and mortgage described in the pleadings," which was excluded. Exception.

From a directed verdict and judgment for plaintiff, the defendant Boyette appeals, assigning errors.

*Abell & Shepard for plaintiff, appellee.*
*Parker & Lee for defendant Boyette, appellant.*

PER CURIAM. The exception to the directed verdict is well taken. Plaintiff offered no evidence under the court's ruling, which was erroneous, and the verdict is unsupported by the record. *Hayes v. Green,* 187 N. C., 776, 123 S. E., 7; *Bank v. School Committee,* 121 N. C., 107, 28 S. E., 134.

New trial.