PAUL E. TURLINGTON AND WIFE, NETTIE TURLINGTON; SILAS E.
TURLINGTON AND WIFE, WINNIE TURLINGTON; FRED A. TUR-
LINGTON AND WIFE, ILA TURLINGTON, AND SIDNEY TURLINGTON,
v. ERNEST NEIGHBORS AND RAY NEIGHBORS, A MINOR REPRESENTED
BY HIS GUARDIAN AD LITEM, L. M. CHAFFIN,
and
PAUL E. TURLINGTON AND WIFE, NETTIE TURLINGTON; SILAS E.
TURLINGTON AND WIFE, WINNIE TURLINGTON, AND FRED A. TUR-
LINGTON AND WIFE, ILA TURLINGTON, v. SIDNEY CLYDE TUR-
LINGTON AND MYRTLE TURLINGTON.

(Filed 17 March, 1943.)

**1. Trial § 54—**

Findings of Fact by the court, when a trial by jury has been waived by
consent, will not be disturbed on appeal, if based upon competent evidence.

**2. Evidence § 32—**

The blind husband of a grantee, in a deed reserving a life estate in the
grantor, who was present and heard the grantor acknowledge its execution
and delivery, is a competent witness to prove such execution and delivery,
his wife having died prior to the grantor and the title therefore being
vested in her son. His evidence discloses no personal transaction or com-
munication and he is not a party in interest within C. S., 1795.

**3. Same—**

The grantee in one of two deeds under attack in this suit, who is also
a party to the suit and one of the heirs of the grantor in both deeds, is
clearly incompetent as a witness to prove the execution and delivery of
such deeds. C. S., 1795.

**4. Deeds § 5—**

A deed is consummated by its delivery by the grantor and its acceptance
by the grantee and becomes operative from that time. In other words,
when the time of delivery is established, the time when the deed took
effect is also established as a matter of law. The "making" of deeds of
gift used in C. S., 3315, means such consummation.

**5. Same—**

Ordinarily, a deed is presumed to have been delivered on the date
appearing in the deed; the presumption, however, continues only in the
absence of proof as to the actual time of delivery, and is rebutted by such
proof.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at October Term,
1942, of HARNETT.

Civil actions to set aside, cancel of record and declare void two deeds
of gift executed by Virginia A. Turlington.

Sidney Turlington is the grantee in one of the deeds in controversy
and Pearl Neighbors is grantee in the other. Both deeds are dated

8 January, 1926, were acknowledged 13 February, 1926, and filed for registration 13 February, 1928. The grantor reserved a life estate in both deeds.

Pearl Neighbors died 16 December, 1928, leaving one son, the defendant Ray Neighbors.

Virginia A. Turlington died 12 February, 1942, leaving as her sole heirs at law the following children: Paul E. Turlington, Silas E. Turlington, Fred A. Turlington, Sidney Turlington and one grandchild, Ray Neighbors.

By consent of all parties the cases were consolidated for trial. Trial by jury was waived, and it was agreed that his Honor might hear the evidence, find the facts and render such judgment as in his opinion was proper.

After hearing the evidence, his Honor found as a fact, that while both deeds bear the date of 8 January, 1926, that they were not delivered to the grantees until the day they were acknowledged, to wit, 13 February, 1926, before Jesse B. Lee, Notary Public of Harnett County; and, as the record shows, both deeds were filed and recorded on 13 February, 1928, the deeds were recorded within two years from the making thereof, as required by C. S., 3315, and are, therefore, valid.

Judgment was entered accordingly. Plaintiffs appealed to the Supreme Court, assigning error.

*Neill McK. Salmon and J. R. Young for plaintiffs.*

*Dupree & Strickland and I. R. Williams for Ernest Neighbors and Myrtle L. Turlington, defendants.*

*L. M. Chaffin for Ray Neighbors, defendant.*

DENNY, J. The first assignment of error is to findings of fact numbered two and five. These findings of fact are to the effect that Virginia A. Turlington, owner of the lands in controversy, acknowledged the deeds in question 13 February, 1926, before Jesse B. Lee, Notary Public for Harnett County, and delivered said deeds to the grantees therein named, on the same day they were acknowledged.

The second assignment of error challenges the competency of the evidence of Ernest Neighbors, father of the defendant, Ray Neighbors, on the ground that his testimony is inadmissible by reason of the provisions of C. S., 1795. Unquestionably the first assignment of error cannot be sustained if the testimony of this witness is competent. The witness testified substantially, as follows: That his first wife, Pearl Neighbors, died 16 December, 1928. She was the daughter of Virginia A. Turlington, who died 12 February, 1942. Sheriff Byrd came to his

house on the 12th or 13th day of February, 1926, and inquired if Mrs. Virginia A. Turlington was there. She was there and he heard Sheriff Byrd tell her he had the deeds ready for her, and that she had to take them before a Notary Public and have them signed. Sheriff Byrd delivered the deeds to Mrs. Turlington. Mrs. Turlington and his wife, Pearl Neighbors, took the deeds to Dunn that day to have them signed. When Mrs. Turlington returned she said she had signed the deeds and gave them to Pearl and she read them in his presence and in the presence of Mrs. Turlington. About a year later Mrs. Turlington came back and asked if the deeds had been recorded, and, upon finding they had not, said "She had better have Stewart Turlington take them to Lillington and have them recorded." The witness testified he had been blind for 27 years.

There is nothing in the testimony of this witness relative to the execution of the deeds in question that discloses a personal transaction or communication between the witness and the deceased, if we should concede him to be an interested party. *Abernathy v. Skidmore,* 190 N. C., 66, 128 S. E., 475, and the cases there cited. But, the witness has no interest or title in the property conveyed to bring his testimony within the prohibitions of C. S., 1795. His wife died prior to the termination of the life estate, and his son, Ray Neighbors, is the sole owner of the property and the witness has no curtesy in the land conveyed. *In re Dixon,* 156 N. C., 26, 72 S. E., 71. The evidence was properly admitted and neither of these exceptions and assignments of error can be sustained.

The third assignment of error is to the refusal of the court to permit Sidney Turlington, the grantee in one of the deeds, to testify as to when the deeds were made. We think his evidence on this question clearly inadmissible. Suppose his Honor had found upon his evidence that the deeds in question had been signed, sealed and delivered more than two years prior to their registration, as required by the statute; then the testifying witness would inherit a one-fifth undivided interest in the lands conveyed to Pearl Neighbors. The objection was properly sustained. C. S., 1795; *Allen v. Allen,* 213 N. C., 264, 195 S. E., 801; *Honeycutt v. Burleson,* 198 N. C., 37, 150 S. E., 634. However, if the evidence had been competent, plaintiffs could not complain, for the witness was afterwards permitted to testify without objection that the deeds were signed the 8th day of January, 1926, and delivered on that date. The evidence is conflicting as to the date of delivery. His Honor's findings of fact that the deeds in controversy were acknowledged and delivered on 13 February, 1926, are supported by competent evidence, and therefore binding on appeal. *Hill v. Lindsay,* 210 N. C., 694, 188 S. E., 406; *Assurance Society v. Lazarus,* 207 N. C., 63, 175 S. E., 705; *Harrison v. New Bern,* 193 N. C., 555, 137 S. E., 582;

TURLINGTON *v.* NEIGHBORS and TURLINGTON *v.* TURLINGTON.

*Buchanan v. Clark,* 164 N. C., 56, 80 S. E., 424. This exception cannot be sustained.

The remaining exception presents this question: What is included in the execution or making of a deed? "A deed is consummated by its delivery by the grantor and its acceptance by the grantee and becomes operative from that time. In other words, when the time of delivery is established, the time when the deed took effect is also established as a matter of law." 16 Am. Jur., sec. 321, p. 620. We find in 7 Thompson on Real Property, sec. 3830, the statement that "The 'execution' of a deed means the making thereof, which includes all such acts as signing, sealing and delivering." Ordinarily, a deed is presumed to have been delivered on the date appearing in the deed; the presumption, however, continues only in the absence of proof as to actual time of delivery, and if such proof is presented the presumption is rebutted and the execution of the deed must then be referred to the time when the testimony shows that the grantor parted with its possession for the purpose of giving effect to it, and in such manner as to deprive him of the right to recall it. 8 R. C. L., sec. 73, p. 1015.

"The execution of a deed means the making thereof, and includes all acts which are necessary to give effect thereto." 26 C. J. S., sec. 32, p. 224.

In the case of *Newlin v. Osborne,* 49 N. C., 157, this Court said: "The delivery of a deed is the final act of its execution. It is that which gives it force and effect, and without which, it is a nullity. When a deed is said to be executed, the meaning is, that, with all the other requisites, it has been delivered by the one party to, or for, the other. The date of a deed which is proved to have been delivered at the same time, is *prima facie* evidence that it was executed on that day; *Lyerly v. Wheeler,* 34 N. C., 290. This evidence may be rebutted by proof that it was not delivered on that day, and its execution must then be referred to the time when the testimony shows that the grantor parted with the possession for the purpose of giving effect to it, and in such a manner as to deprive him of the right to recall it; *Baldwin v. Maultsby,* 27 N. C., 505; *Roe v. Lovick,* 43 N. C., 88; *Kirk v. Turner,* 16 N. C., 14." *Buchanan v. Clark, supra; In re Cunningham,* 64 F. (2d), 296.

C. S., 3315, reads as follows: "All deeds of gift of any estate of any nature shall within two years after the making thereof be proved in due form and registered, otherwise shall be void, and shall be good against creditors and purchasers for value only from the time of registration."

The "making" of a deed referred to in the foregoing statute, means the date of its execution. The execution of a deed is not complete until the instrument is signed, sealed and delivered.

The judgment below is

Affirmed.