CLIFTON McMICHAEL AND WIFE, MARY McMICHAEL, v. SAM J. PEGRAM, ADMINISTRATOR OF THE ESTATE OF W. E. SHUFORD, DECEASED.

(Filed 19 September, 1945.)

1. **Evidence § 32—**

   In a civil action by plaintiffs against defendant for rents allegedly received by defendant's intestate from plaintiffs' property, evidence of plaintiffs, that deceased went into possession of the premises, shortly after default in payments to a mortgagee, for the purpose of collecting the rents and applying same to plaintiffs' mortgage indebtedness, that afterwards defendant's intestate purchased the property and plaintiffs executed notes to defendant's intestate and saw a deed for the premises in the possession of deceased, is excluded by G. S., 8-51, as personal transactions and communications with defendant's intestate.

2. **Deeds § 5—**

   It is axiomatic that delivery is essential to vest title in the grantee named in a deed. Delivery is the final act of execution.

APPEAL by plaintiffs from Rousseau, J., at June Term, 1945, of BUNCOMBE. Affirmed.

Civil action for an accounting.

On 5 April, 1930, plaintiffs being the owners of Tract No. 359, being Lot 44, Sheet 11, Ward 4, located at 75 Congress Street, D. B. 476, page 76, conveyed the same by trust deed to the Central Bank and Trust Company to secure a loan of $1,000, payable in weekly installments and due the Blue Ridge Building and Loan Association of Asheville. After making 48 weekly payments plaintiffs defaulted and on or about 18 September, 1934, the trust deed was foreclosed. Defendant's intestate became the purchaser and received deed therefor from the trustee. He

remained in possession thereof, collecting rent therefor, until his death on or about 5 June, 1941.

On petition of defendant the *locus* and other property was sold under order of court to make assets, and on 11 September, 1942, deed was executed and delivered to the purchasers at the commissioner's sale. Defendant received $2,350 for the McMichael lot.

Plaintiffs contend and allege that defendant is indebted to them for all rents collected by the deceased, and also in the amount of the purchase price received at the sale to make assets.

At the conclusion of the evidence, on motion of defendant, the court entered judgment of nonsuit and plaintiffs appealed.

*Geo. F. Meadows and Cecil C. Jackson for plaintiffs, appellants.*
*J. W. Haynes for defendant, appellee.*

BARNHILL, J.    Plaintiffs offered to testify that the deceased went into possession of the premises shortly after the default in the payment of the indebtedness to the building and loan association for the purpose of collecting the rent and applying it to the payment of their indebtedness. They also offered to testify that, after the deceased purchased the property at the foreclosure sale, they executed and delivered to him certain notes secured by trust deed on the premises to secure the purchase price, and that the deceased then had in his possession a deed to the premises. Presumably they were the grantees in the deed to which reference was made, but it does not affirmatively so appear. This evidence was excluded.

The excluded testimony of plaintiffs, witnesses in their own behalf, clearly relates to personal transactions and communications between them and defendant's intestate, concerning the subject matter of the litigation. It comes squarely within the prohibition of G. S., 8-51. The court below committed no error in excluding it. *Turlington v. Neighbors,* 222 N. C., 694, 24 S. E. (2d), 648; *Wilder v. Medlin,* 215 N. C., 542, 2 S. E. (2d), 549; *Wingler v. Miller,* 223 N. C., 15, 25 S. E. (2d), 160; *Walston v. Coppersmith,* 197 N. C., 407, 149 S. E., 381; *Boyd v. Williams,* 207 N. C., 30, 175 S. E., 832; *Bunn v. Todd,* 107 N. C., 266. For other authorities see annotations under G. S., 8-51.

There is no sufficient evidence in the record to sustain the contention of plaintiffs that defendant's intestate, while acting as attorney and agent for them respecting this particular transaction, purchased the property at the foreclosure sale and took title to himself. Hence no trust *ex maleficio* resulted. Indeed it is not so alleged.

The *feme* plaintiff offered to testify that she "saw a deed for the land in controversy" in the office of deceased at the time she and her husband

executed certain notes. It does not appear that this was a deed to plaintiffs or that it had been executed by the deceased. If he exhibited it to plaintiffs, as their testimony would seem to indicate, it involved a personal transaction. But granting that evidence of the mere fact a deed was seen in the possession of the deceased might be competent, *Ins. Co. v. Jones,* 191 N. C., 176, 131 S. E., 587; *Carroll v. Smith,* 163 N. C., 204, 79 S. E., 497; *Cornelius v. Brawley,* 109 N. C., 542, it is alleged and both plaintiffs testified deceased never delivered it to them.

It is axiomatic that delivery is essential to vest title in the grantee named in a deed. Delivery is the final act of execution. *Turlington v. Neighbors, supra,* and cases cited. The excluded evidence did not avail the plaintiffs. Even if competent, its exclusion was not prejudicial.

The prohibitory provisions of G. S., 8-51, render plaintiffs incompetent to testify concerning personal transactions with the deceased. They fail to offer through other witnesses evidence tending to support their alleged cause of action. Hence the judgment below must be

Affirmed.