## J. A. DAVIDSON v. GUILFORD COUNTY.

(Filed 27 April, 1910.)

**County Commissioners—Special Service—Compensation.**

A member of the board of county commissioners who, under the direction of the board, inspected and reported upon a bridge over a stream where it crossed the public road, with recommendations, cannot recover in his action for the services rendered or mileage; he is forbidden to do so as a county commissioner under Revisal, 2785, and is indictable if claiming compensation for extra services under either an express or implied contract with the board. Revisal, 3572.

APPEAL by defendant from *Ward, J.,* at March Term, 1910, of GUILFORD.

The facts are sufficiently stated in the opinion.

*King & Kimball* for plaintiff.
*John N. Wilson* for defendant.

CLARK, C. J. The plaintiff is a member of the Board of County Commissioners of Guilford. By direction of said board, he inspected a bridge over a stream where it crossed the public road, and made a report to the board recommending the rebuilding of said bridge, and demanded payment in the sum of $3 for one day spent in said service and 80 cents mileage. This action was tried upon an appeal from a justice of the peace, and judgment was rendered upon "case agreed."

The principle involved is an exceedingly important one, both in morals and to the public welfare. Under Rev., 2785, as it was originally, before amendments were enacted with special provisions as to certain counties, the county commissioners for their services and expenses were to receive such sum, not exceeding $2 per day, as the majority of the board might fix upon, with mileage to and from their respective places of meeting not to exceed 5 cents per mile. Under this section they

were allowed compensation and mileage only for regular meetings of the board and received neither at special nor called meetings. Laws 1907, ch. 13, added the following amendment: "The chairman of the Board of County Commissioners of Guilford and each of the members thereof shall be paid for his services the sum of $3 per day, and mileage of 5 cents per mile each way, for each meeting of said board, whether it be a regular or a special meeting of said board called by said chairman; and this shall be full compensation of said board for all services whatsoever."

The Legislature taking notice of the increased duties of the board of commissioners for that county, raised their per diem to $3 and allowed per diem and mileage for special as well as regular meetings; and then added this significant sentence: "And this shall be full compensation of said board for all services whatsoever."

Rev., 3572, makes it a misdemeanor for any county commissioner to make any contract "for his own benefit" with said county or be in any manner concerned or be interested in any manner whatsoever in such contract. It follows, therefore, that if the plaintiff in discharging this duty acted as a county commissioner, he was forbidden to receive any compensation other than that above set out. And if he acted by virtue of a contract, either express or implied, with the board, it was an indictable offense, and he is not entitled to recover anything. This has already been decided in this State in *Snipes v. Winston,* 126 N. C., 375.

Independently of any statute or precedent, upon the general principles of law and morality a member of an official board cannot contract with the body of which he is a member. To permit it would open the door wide to fraud and corruption. The other members of the board in allowing compensation thus to one of their members would be aware that each of them in turn might receive contracts and good compensation, and thus public office, instead of being a public trust, would become, in the language of the day, "a private snap."

In this particular case there is no reason to suppose that the slightest wrong was intended or that the compensation was excessive, but it is the principle that is at stake. Such conduct cannot be recognized or permitted. The judgment below is

Reversed.