## JOHN L. KING v. GUILFORD COUNTY.

### (Filed 27 April, 1910.)

The decision in this case is governed by that in *Davidson v. Guilford*, next above, ch. 166, Laws 1903, providing that the highway commission shall be entitled to the same per diem, etc., as the board of commissioners.

APPEAL from *Ward, J.,* at March (Special) Term, 1910, of GUILFORD.

*King & Kimball* for plaintiff.
*John N. Wilson* for defendant.

CLARK, C. J. The plaintiff is chairman of the Board of Highway Commissioners of Guilford. By direction of said board, he and another member of the board were appointed a committee to inspect the progress of the work on a certain road, and report as to the advisability of removing the force at work there and the convict camp and locate a new site for said work and camp. For doing such work he demands payment in the sum of $3 for one day so spent.

The act creating said board, ch. 166, Laws 1903, sec. 18, reads as follows: "The said highway commission shall be entitled to same per diem and mileage as the Board of Commissioners of Guilford County."

We have just passed upon a similar claim by a member of the board of commissioners of Guilford in *Davidson v. Guilford, ante,* 436. As members of the highway commission are entitled "to the same per diem and mileage," it is unnecessary to repeat the reasons given in the decision of that case. The claim for extra services is invalid in this case for the same reason.

If acting as commissioner, the plaintiff was not entitled to "extra pay," and if as an agent of the board, he would be indictable under Rev., 3572, for making any contract for compensation, express or implied, with the board of which he is a member.

Reversed.