## STATE v. EUGENE WILLIAMS.

(Filed 21 September, 1910.)

1. **Cities and Towns — Commissioners—Public Policy—Contracts— Conflicting Interests.**

   It is not necessary to show moral turpitude to convict a commissioner or alderman of a city under Revisal, sec. 3572, of entering into a contract with the city wherein he was personally benefited or interested in the manner prohibited by the section.

2. **Same—Corporations—Officers—Acts—Knowledge.**

   The prohibition of Revisal, sec. 3572, extends to an officer of a corporation in making contracts between the corporation and the city of which he is a commissioner or an alderman; and includes a president and director of a corporation, who was the manager of the mechanical department, though he excused himself, as alderman, from voting on the resolution of payment which had been approved and was unanimously passed; and whether he had actual knowledge of the making of the contract is immaterial.

APPEAL from *Ferguson, J.,* at March Special Term, 1910, of CRAVEN.

This is an indictment under sec. 3572 of Revisal as follows: "If any person, appointed or elected a commissioner or director to discharge any trust wherein the State or any county, city or town may be in any manner interested, shall become an undertaker, or make any contract for his own benefit, under such authority, or be in any manner concerned or interested in making such contract, or in the profits thereof, either privately or openly, singly or jointly with another, he shall be guilty of a misdemeanor." There was a special verdict at March Term, 1910, of the Superior Court of Craven County, his Honor, Judge Ferguson, presiding.

SPECIAL VERDICT.

The jurors being duly sworn and empaneled to try the issue between the State and defendant, Eugene Williams, finds the following special verdict, to-wit:

1. At the times hereinafter named, the defendant, Eugene Williams, was a member of the board of aldermen of the city of New Bern.

2. At said times H. P. Willis was the practical engineer in charge of the machinery supplying electric light and water to the city of New Bern, which plant was owned by the city of New Bern.

3. That Thomas F. McCarthy was at said times the chairman of the committee of the board of aldermen of the city of New Bern having supervision of said electric light and water plant.

4. That during the month of July said H. P. Willis, by authority of said Thomas F. McCarthy, sent an order to the New Bern Iron Works, Inc., for supplies necessary for the operation of said plant amounting to $75.63, a portion of which manufactured to order and could be manufactured and supplied by no other concern in or near the city of New Bern except by the New Bern Iron Works, Inc.

5. That at the times hereinafter mentioned said Eugene Williams had purchased of W. A. McIntosh stock in the New Bern

Iron Works, Inc., on credit and had hypothecated said stock to W. A. McIntosh for the purchase money thereof, but received profits whenever any were declared and that in said bill furnished the city a profit was charged.

6. That said Eugene Williams was a director and president of the company, but his duties in connection with the company were simply to act as head of the mechanical department of the shop.

7. That W. A. McIntosh owned part of the stock of said corporation and held all the balance of the stock as collateral security and was the general manager of the company, and had full control and direction of its business, and C. M. Kehoe was bookkeeper of said company, and was under the direction and control of W. A. McIntosh.

8. That at the August meeting, 1909, of the board of aldermen of the city of New Bern, C. M. Kehoe, said bookkeeper by the direction of W. A. McIntosh, presented said bill for supplies to the clerk of the board, who passed the same, which had already been approved by Thomas F. McCarthy, chairman of the water and light committee, to H. M. Groves, chairman of the finance committee, and said H. M. Groves approved the same.

9. That said bill so approved was presented to the board of aldermen, and said Eugene Williams being present at the meeting requested the board to excuse him from voting, and he was excused by the board, and the remaining members of the board approved the bill and issued an order therefor which has not yet been paid.

10. That said Eugene Williams has had nothing else to do with the transaction except as hereinbefore set out, neither as an officer or stockholder of the New Bern Iron Works, Inc., nor as an alderman of the city of New Bern, and he has had no corrupt intention in connection with the matter.

If upon the foregoing facts the court is of the opinion that the defendant is guilty, the jury finds him guilty; and if upon said facts the court is of the opinion that the defendant is not guilty, the jury finds him not guilty.

The court being of opinion upon special verdict so found by

the jury that the defendant is guilty and so adjudges, thereupon it is considered by the court that the defendant pay a fine of one dollar and costs of the prosecution.

G. S. FERGUSON, *Judge Presiding.*

From judgment of guilty the defendant appealed.

*Attorney-General* and *Geo. L. Jones* for State.
*W. D. McIver, Simmons, Ward & Allen* for defendant.

BROWN, J., after stating the case.    This section of the Revisal is substantially the same as the act of 1825, which has been in force since that time, but so far as we have been able to learn this Court has never been called upon to construe its provisions. Whether the law has been scrupulously obeyed or has gone into "innocuous desuetude" is a matter of conjecture.    The defendant contends that the proper construction of the act requires that the defendant must have been appointed or elected a commissioner or director to discharge a public trust, and then in the course of such public authority have made a contract for his own benefit; that, according to the verdict, the defendant took no part in the making of the contract, either as alderman, in behalf of the city, or in paying for the work done, nor did he take any part in the making of the contract in behalf of the New Bern Iron Works and Supply Company, of which company he was a stockholder and president; that the defendant could not control the business of the corporation, and that his entire duty in the management of the corporation was to act as head of the mechanical department of the shops.

While we are glad to concede that there is no evidence of moral turpitude upon the part of the defendant we cannot concur with his counsel that a finding to that effect is necessary to conviction, and that the act does not extend to an officer of a corporation, when the dealing is between the corporation and the municipality.

It is true that in *People v. Mayer,* 84 N. Y. Supp., 817, the Supreme Court of New York City sustained the last contention, in consequence of which decision the General Assembly of New

York amended the law of that State so as to include dealings between corporations whose officers, directors or stockholders were municipal officers.

The judgment was rendered at special term of the Supreme Court, a *nisi prius* court, by *Judge Bischaff,* and not by the appellate division or by a court of last resort.

We are not impressed with the reasoning of the opinion, and do not regard it as a very persuasive authority.

This law was enacted to enforce a well-recognized and salutary principle, both of the moral law and of public policy, that he who is entrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself.

This rule has its foundation in scriptural teaching, that no man can serve two masters, and is recognized and enforced in nearly all well-governed countries. As is said by *Judge Dillon:* "The application of the rule may in some instances appear to bear hard upon individuals who have committed no moral wrong; but it is essential to the keeping of all parties filling a fiduciary character to their duty, to preserve the rule in its integrity, and to apply it to every case which justly falls within its principle."[*] Dillon's Municipal Corporations, Vol. 1, 4 Ed., sec. 444.

We are not prepared now to hold, nor it is necessary to decide, that the statute would cover the case of a mere stockholder in a corporation, that sold goods or did work for a municipality of which he was an officer, when the stockholder had no knowledge whatever of the transaction and possibly could not prevent it, but we are of opinion that it is broad enough to include within its scope this defendant under the facts found.

He was more than a mere stockholder who had no part in the management of the corporation. He was its president and director, and acted as the head and manager of the "mechanical department of the shop."

It was this department that must have manufactured that portion of the articles which could be manufactured and supplied by no other concern in New Bern.

Whether the defendant had actual knowledge of the transaction is immaterial. Occupying the official positions he held

in the corporate body and in its working department, the law will hold him to a knowledge of its transactions with the city of which he was an alderman. The fact that he retired from the meeting when the board of aldermen audited and paid the bill does not change the character of the transaction.

Nor is it necessary to show that defendant directly profited by the contract. In *Doll v. State,* 15 N. E., 293, it is held that: "To become so interested in the contract, it is not necessary that he make profits on the same. But it is sufficient if, while acting as such officer, he sell the property to the city for its use, or is personally interested in the proceeds of the contract of sale, and received the same, or part thereof, or has some pecuniary interest or share in the contract."

A case directly in point is *Com. v. De Camp,* 35 At. Rep., 601, where it is held: "The secretary, who is a stockholder of a corporation having a contract for the lighting of a city, is within the prohibition of Crimes Act, 1860, sec. 66, prohibiting any councilman from being interested in any contract with the city, though he was elected councilman after the execution of the contract." Upon the special verdict the defendant was properly adjudged guilty.

Affirmed.