The defendant was indicted under section 3572 of the Revisal of 1905, which reads as follows: "If any person appointed or elected a commissioner or director to discharge any trust wherein the (588) State or any county, city or town may be in any manner interested shall become an undertaker, or make any contract for his own benefit, under such authority, or be in any manner concerned or interested in making such contract, or in the profits thereof, either privately or openly, singly or jointly with another, he shall be guilty of a misdemeanor." The jury returned a special verdict as follows:
SPECIAL VERDICT.
"1. That Bowe Page, a copartnership of Charleston, S.C., on about 29 January, 1909, by competitive bidding were awarded a contract for laying brick pavement on the streets of the city of New Bern, to an amount of about $50,000.
"2. That on about 1 March, 1909, said Bowe Page, through their agent, one Finch, employed the defendant, J. H. Weddell, as timekeeper and office man in the performance of the said contract.
"3. That at the regular election, the Tuesday after the first Monday in May, 1909, being 4 May, the defendant, J. H. Weddell was elected an alderman of the city of New Bern, from the second ward; that pursuant to the charter, on Friday, 7 May, 1909, the said vote was canvassed and the said J. H. Weddell was declared elected and entered upon the discharge of his duties as an alderman of the city of New Bern, and has been a member of the board up to the present time.
"4. That in May, 1909 (Alsop Pierce, contractors to lay sidewalks in the city of New Bern, having refused to complete the same), by order of the board of aldermen, advertisement was made for sealed bids for the making of one thousand (1,000) square yards, more or less, of concrete sidewalk, which consisted of a few short pavements on the sidewalks, and the balance consisting of short ends leading from the corners of the regular sidewalks to the curbing at corners of the various streets. *Page 480 
"5. That pursuant to the said advertisement, at the meeting of the board of aldermen in June, 1909, bids were offered by three parties, being sealed and delivered to the clerk of the board, and not being (589) opened until the board was in session, and that when opened the bid of Bowe Page was at the rate of one dollar ($1.00) per square yard, and the next lowest bid was ($1.12 1/2) one dollar and twelve and a half cents per square yard.
"6. That during said meeting the defendant, J. H. Weddell, as alderman, made a motion that the lowest bid be accepted, the said Bowe Page being the lowest bidders, and said motion was adopted by the board.
"7. That pursuant to the said contract, Bowe Page proceeded to do the work as advertised and were paid therefor by the city.
"8. That while Bowe Page were performing the said contract, the defendant, J. H. Weddell, continued as office man and time-keeper for said Bowe Page, without any new contract after March, 1909, having been paid a regular wage of twenty ($20.00) dollars per week from the beginning of his employment to its close; that in said employment the said J. H. Weddell had no supervision of the work being done, the material used or the manner in which it was done; that the said J. H. Weddell, as alderman, was not a member of the committee of the board of aldermen, whose duty it was to supervise the said work.
"9. That the said J. H. Weddell had no interest in the profit or losses of Bowe Page on the said contract, but he received his wages of $20.00 per week as set out in paragraph 8, and his employment was not limited to their work in the city of New Bern, but at their directions he was sent elsewhere to perform same duties as those for which he was employed in the city of New Bern.
"If upon the foregoing facts the court is of the Opinion that the defendant is guilty, then we, the jury, find him guilty; if upon the foregoing facts the court is of the opinion that the defendant is not guilty, then we find him not guilty."
Upon the foregoing verdict, the court being of opinion that the defendant is not guilty, it is therefore considered and adjudged that the defendant is not guilty, and that he be discharged. The solicitor for the State excepts and appeals to the Supreme Court. Notice of (590) appeal given and accepted in open court. The record proper, together with the special verdict, constitutes case on appeal.
G.S. FERGUSON.
Upon a trial at February Term, 1910, of CRAVEN, Ferguson, J., the defendant was adjudged not guilty and the State appealed. *Page 481 
Upon the special verdict we concur with the court below that the defendant is not guilty, and with the candid admission of the Attorney-General at the close of his brief that "the conduct of the defendant does not come within the terms of the statute, and there is no suggestion that it comes within its spirit."
Affirmed.