8094

GOLDEN v. WHARTON.

OFFICERS.—After it has been adjudicated that one claiming an office *bona fide* is an officer *de facto,* and entitled to the salary up to the filing of the decree, he cannot afterwards claim to act in good faith as a *de facto* officer and claim the salary on that ground.

Petition in the original jurisdiction of this Court by R. L. Golden against J. B. Wharton, foreman of the grand jury, the County Board of Commissioners and County Treasurer of Greenwood county for writ of mandamus.

*Mr. D. H. Magill,* for petitioner.

*Messrs. Giles & Ouzts,* contra.

February 7, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The petitioner, R. L. Golden, alleging that he is acting in good faith as a *de facto* rural policeman for the county of Greenwood, and as such *de facto* officer is entitled to the salary of the office from the

7th day of June, 1911, till the 7th day of January, 1912, asks this Court to issue its writ of mandamus commanding J. B. Wharton, foreman of the grand jury, and T. G. Burnett, supervisor, G. B. Riley and George Dorn, constituting the county board of commissioners, and F. Graham Payne, treasurer of said county, to draw the order and issue a warrant to pay the salary alleged to be due the petitioner, amounting to the sum of $583.31.

The rights of the petitioner have been adjudicated in proceedings heretofore instituted by him under the following provision of the act of February 19, 1911: *"Be it enacted* by the General Assembly of the State of South Carolina, that upon the approval of this act it shall be the duty of the Governor, upon the recommendation of the delegation of Greenwood county, to appoint three able-bodied men of the county of Greenwood, who are of good habits and of courage, coolness and discretion, known as men who are not addicted to the use of alcoholic liquors, or of drugs, and shall commission them as county policemen, for a term of four years, subject to removal by the Governor for cause: *Provided, however,* That no person shall be eligible to appointment who makes application for such appointment."

On the petition of Golden and Elledge this Court issued its writ of mandamus requiring payment to them of the salaries provided by law for rural policemen for the two months ending May 7, 1911. In that cause, reported in 89 S. C. 113, the Court thus states the manner of appointment of the petitioners and the invalidity of it: "It appears that the act was approved Saturday night, February 18, 1911; the last day of the legislative session and that the Governor on the same night appointed petitioners as rural policemen upon the recommendation alone of Hon. D. H. Magill, one of the Greenwood delegation. It is stated in the affidavit of Senator C. A. C. Waller and Representative W. H. Nicholson and J. W. Bowers, the other members of

the Greenwood delegation, that the appointments were made
without their recommendation, before they had knowledge
of the approval of the act or opportunity to recom-
mend. * * *

"Appointment to office not being inherently an executive
prerogative, it is competent for the legislature, in conferring
the power of appointment, to attach such limitations and
conditions to its exercise as may be deemed proper. The
statute expressly provides that the appointment of rural
policemen for Greenwood county shall be upon the recom-
mendation of the legislative delegation of Greenwood
county. No such recommendation having been made, the
appointment was made without authority, and the petitioners
cannot be held to be officers *de jure.*"

Considering, however, that the petitioners had performed
the duties of the office in good faith under the commission
of the Governor which had not up to that time been declared
invalid, the Court held that the petitioners were *de facto*
officers, and that they were entitled to receive the salary for
the two months ending May 7, 1911, inasmuch as neither
the office nor the salary was claimed by any other persons.
The writ of mandamus was accordingly issued. Subse-
quently under proper proceedings Mr. Justice Gary apply-
ing the rule thus laid down by the Court issued at chambers
another writ of mandamus requiring payment of the salary
of rural policemen to the same parties for the month end-
ing June 7, 1911, on the ground that they should be regarded
*de facto* officers and entitled to the salary up to June 14,
1911, when the decree was filed adjudging the petitioners
to have no legal title to the office. ·

In the proceeding now under consideration the peti-
tioner claims to be still a *de facto* officer and entitled to the
salary in the face of the decision of this Court above
referred to that he has no claim whatever to the office. To
state the position is to demonstrate its unsoundness. It is
impossible that the petitioner could have continued to assert

a claim to the office or to assume to act as a rural policeman under a *bona fide* belief that he was an officer after it had been finally adjudged that his claim to the office was without foundation. From the date of the judgment that the petitioner was not legally appointed and was not entitled to the office, his attempt to act as a policeman was a mere usurpation. Such disregard of judicial authority is nothing less than an attempt to subvert the law and is not to be sanctioned nor tolerated.

The petition is dismissed.