8527

McMAHAN v. JONES, COMPTROLLER GENERAL.

1. Officers—Commission—Public Policy.—Where a statute provides
   for the election of five members of a commission to manage an insti-
   tution and the members shall serve without compensation except
   actual expenses, and two of the members of the commission are
   elected by the commission to fill positions in the institution for
   which salaries are paid, the election is void as against public policy.
2. Ibid.—Salary.—But where such persons have satsfactorily per-
   formed the services incident to the positions they are entitled to be
   paid the salaries up to the final adjudication.
   Messrs. Justices Woods and Fraser dissent as to compensation.

Before Gage, J., Richland, September, 1912.    Reversed.

Action by John J. McMahan against A. W. Jones, as
Comptroller General, H. W. Richardson and F. W. P. But-
ler.    Plaintiff appeals.

Messrs. Jno. J. McMahan and D. W. Robinson, for appel-
lant, cite: Appointment by board of its own members to
office is against public policy: 25 Stat. 156; Meecheen Pub.
Off., secs. 112, 120; 31 L. R. A. (N. S.) 575; 33 Barb. 291;
60 S. C. 558; Code 1902, 2002; Crim. Code 224; Throop.
on Pub. Off., sec. 611; 6 Ala. 16; 144 U. S. 224; 13 L. R.
A. (N. S.) 1117; 56 L. R. A. 657; 7 N. Y. 176; Code 1902,
601-2, 604; Code 1912, 1760, 1766; Code 1902, 814; 75 S.
E. 551; 87 S. C. 307.    As to ratification: Meecheen on Pub.
Off., secs. 531-2; 31 L. R. A. (N. S.) 575.    Compensation:
Throop. on Pub. Off., secs. 477-8; 75 S. E. 551. . Public
policy and equity: 2 Pom. Eq., secs. 930, 935-6, 951, 955,
957-9, 963, p. 1782; 3 Pom., secs. 1049, 1077; 1 Pom., sec.
4067; 67 S. E. 918, 919; 35 S. E. 610; 61 N. Y. 444; 41
N. Y. 143; 87 Ia. 39; 56 N. J. L. 422, 428; 13 La. Ann. R.
210.    Similar statutes: Crim. Code 304, 275, 575, 474, 576,
539; Civil Code 999, 1706, 1730, 1760, 1752, 1761.    Nepot-
ism: Civil Code 1777; Crim. Code 576; 29 Cyc. 1422-3,
1426, 1433, 1436.

*Messrs. Welch & Nettles,* for Richardson and Butler, contra, cite: *Knowledge on part of board that respondents were serving and drawing salaries is ratification:* 34 Minn. 112. *Board had right to appoint respondents to the positions:* 9 Rich. L. 399; Speer Eq. 544; 25 S. C. 348; 174 Mass. 224; 39 Me. 220; 19 Vt. 187; 33 Mich. 61. *Services rendered by respondents are not as members of the board:* 55 Wis. 490; 24 N. J. L. 764; 88 Minn. 46.

March 27, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The act to establish an infirmary for Confederate veterans provides for its management by a commission consisting of five members, and it also provides that "the members of said commission shall receive no compensation for their services, but shall be entitled to actual expenses for attending the meetings thereof."

The defendants, Richardson and Butler, have been employed by the commission, of which they were and are members,—the one, as chairman and treasurer, whose duties involve the general management of the infirmary, at a salary of $100 per month, and the other, as physician to the institution, at a salary of $50 per month.

Plaintiff alleging that their employment is illegal, seeks to enjoin payment of their salaries. Their contention is that the salaries are not paid to them as members of the commission, or for services as commissioners, but as individuals, and for services rendered outside of and in addition to the services which they perform as members of the commission.

The Circuit Judge sustained their contention, holding that the statute puts no limitation upon the members of the commission receiving compensation for their services, except such as are performed as commissioners. As to the plaintiff's contention that their employment was illegal on grounds of public policy, his Honor conceived that the law had been settled to the contrary, in 1856, in the case of *Albright* v.

*Chester*, 9 Rich. 399, in which this Court sustained a contract between a firm, of which the intendant of the town was a member, and the town council, of which he was also a member, whereby said firm was to repair the streets of the town.

We think his Honor misinterpreted the legislative intent, as declared in the statute. The language is comprehensive in terms and prohibitive in form, and indicates an intention that members of the commission shall receive nothing at all, in the way of compensation, except their actual expenses for attending the meetings. The wording of the statute does not warrant the nice distinction between services rendered by members of the commission, as commissioners, and services rendered by them, as individuals. We have no doubt that the form of expression used was supposed to be all that would be necessary to prevent what has been done by the commission, and that it was intended to have that effect.

This construction of the statute is fortified by consideration of several instances in which the legislature has, in recent years, declared the policy of the State with regard to the matter, by prohibiting bodies charged with the administration of public duties from employing their own members, or even those closely related to them. In *Duncan* v. *Charleston*, 60 S. C. 558, 39 S. E. 265, this Court added the weight of its sanction to the policy so declared by holding that a city council, some of whose members were stockholders in a public service corporation, could not legally contract with the latter for its benefit.

Possibly the practices which have created the public sentiment, which has been crystalized in these declarations of policy, have occurred since the decision in *Albright* v. *Chester*. Be that as it may, that decision has been nullified by subsequent legislation, making it unlawful to do what was there adjudged to be lawful. Crim. Code, 1912, sec. 304.

No man in the public service should be permitted to · occupy the dual position of master and servant; for, as master, he would be under the temptation of exacting too little of himself, as servant; and as servant, he would be inclined to demand too much of himself, as master. There would be constant conflict between self-interest and integrity.

Should Richardson, as chairman of the commission, appoint the committee to investigate his own management of the infirmary, or check his accounts as treasurer? Should he be present, when his administration of the institution is being considered and discussed? Should he and Butler participate, when their own duties are being prescribed and their compensation fixed? It requires only a moment's reflection to see that the positions are utterly inconsistent, and ought not to be held by the same persons. Propriety, as well as public policy, forbids it.

If it be said that there are three other members of the commission, who would make a quorum, the answer is that the legislature has expressed the intention that the State should have the benefit of the judgment and discretion, individually and collectively, of a commission of five members,—not three,—in the adminstraton of this charity. By disqualifying two of their number, the commission has practically reduced its membership to three.

The foregoing views are in harmony with the greater weight of authority elsewhere. *Meglemery* v. *Weissinger,* 140 Ky. 353, 31 L. R. A. (N. S.) 575, and note; *Gaw* v. *Ashley,* 195 Mass. 173, 122 Am. St. 231; *Davidson* v. *Guilford County,* 152 N. C. 436; Meech. Pub. Off., sec. 112; Throop. Pub. Off., secs. 120, 611.

· As the record shows that the defendants, Richardson and Butler, have, in good faith, performed the duties of their respective offices, and the State has received the benefit of their services, the value and efficiency of which are not questioned, it is but just and equitable that they should receive their salaries for all services rendered

previous to notice of the filing of the remittitur herein. *Elledge* v. *Wharton,* 89 S. C. 113; *Golden* v. *Wharton,* 90 S. C. 355; and the injunction to be issued by the Circuit Court will be framed accordingly.

Reversed.

THE CHIEF JUSTICE *and* MR. JUSTICE WATTS *concur.*

MR. JUSTICE WOODS. I concur in the reasoning of the Court and the conclusion, that the statute, under which the respondents, Butler and Richardson, became members of the commission, absolutely forbids them to receive any compensation for any service rendered by them, in any capacity whatever. This being so, it seems to me clearly beyond the discretion and power of the Court to allow the respondents compensation which the statute forbids. I, therefore, dissent from the judgment, allowing compensation up to the time of the filing of the remittitur.

MR. JUSTICE FRASER *concurs.*