E. B. ATKINSON ET AL. v. THE CITY OF ASHEVILLE ET AL.

(Filed 28 June, 1933.)

**Municipal Corporations F e—Evidence of fraud and collusion between officers and vendor held sufficient in action to set aside deed to city.**

> In this action to set aside and cancel a deed to a city on the ground of fraud and collusion between the officers of the city and the officers and stockholders of the vendor, the evidence is held to permit the inference that the sale was made without warrant of law, that the price paid was grossly excessive, and that certain city officers were financially interested in the transaction to the knowledge of the other defendants, and that the interests of the city were not adequately protected by those defendants charged with that duty, and the evidence is held sufficient to be submitted to the jury.

APPEAL by plaintiff from *Clement, J.,* at August Term, 1932, of BUNCOMBE.

Civil action by plaintiff, who sues on behalf of himself and other taxpayers, (1) to cancel deed from French Broad Cemetery Company to city of Asheville, purporting to convey 181.22 acres of land for cemetery purposes, on the ground of fraud and collusion between certain officers of the city and officers and stockholders of the cemetery company; and (2) for an accounting for funds thus wrongfully obtained from the city of Asheville. For a fuller statement of the case, see report on former appeal, *Atkinson v. Greene,* 197 N. C., 118, 147 S. E., 811.

In the present suit, the city of Asheville has joined with the plaintiff in the prosecution of the action.

At the close of plaintiff's evidence, there was a judgment of nonsuit, from which plaintiff appeals, assigning errors.

*J. G. Merrimon, Marcus Erwin and Alfred S. Barnard for plaintiff.*
*Robert M. Wells, A. Hall Johnston and Carter & Carter for defendants, other than the city of Asheville.*

STACY, C. J. There is allegation to the effect, and the evidence permits the inference, though it may not compel the conclusion, that the sale in question was without adequate warrant of law; that the price paid was grossly excessive; that at least two of the city officials, to the knowledge of the other defendants, were financially interested in the transaction; and that the interests of the city of Asheville were not properly cared for by those of the defendants charged with such duty.

This evidence, it would seem, is sufficient to carry the case to the jury under the principles announced in *Brown v. R. R.*, 188 N. C., 52, 123 S. E., 633, *S. v. Williams*, 153 N. C., 595, 68 S. E., 900, and differentiates it from *Harrison v. New Bern*, 193 N. C., 555, 137 S. E., 582, cited and relied upon by defendants.

We refrain from a discussion of the evidence, as its credibility is for the jury.

Reversed.