LEXINGTON INSULATION COMPANY v. DAVIDSON COUNTY, NORTH CAROLINA.

(Filed 14 December, 1955.)

**1. Public Officers § 7½—**

The statutory prohibition against an appointed or elected official making any contract for his own benefit under authority of his office extends to an official of a corporation who makes a contract between the corporation and a municipality or board of which he is a member. G.S. 14-234.

**2. Actions § 3c—**

A court of justice will not hear a person who seeks to reap the benefits of a transaction which is founded on, or arises out of, his own criminal misconduct or which is in direct contravention of public policy of the State.

**3. Public Officers § 7b—**

A public office is a public trust and the courts will not countenance the subversion thereof for private gain, and therefore the courts will not only declare void and unenforceable any contract between a public official, or a board of which he is a member, and himself, or a company in which he is financially interested, whereby he stands to gain by the transaction, but will also deny recovery on a *quantum meruit* basis.

**4. Counties § 5: Quasi-Contracts § 1—No recovery may be had on quantum meruit where the contract is void as against public policy.**

The chairman of the board of county commissioners was a stockholder and secretary-treasurer of a private corporation. The county manager entered into contracts between the county and the corporation, and the chairman of the board of county commissioners executed voucher in payment thereof, all without the knowledge of the other commissioners. The commissioners thereafter canceled the contract and demanded the return of the contract price. The corporation repaid the amount received and sued *to recover the reasonable value of the services* rendered and the materials furnished up to the time of cancellation. *Held:* The contracts were not only void, but, being made in direct contravention of G.S. 14-234, no recovery on a *quantum meruit* basis may be had thereunder, and plaintiff's action should have been dismissed as in case of involuntary nonsuit.

APPEAL by defendant from *Burgwyn, Emergency J.,* February Term, 1955, DAVIDSON. Reversed.

Civil action to recover for labor performed and materials furnished.

In 1951 Jay Howard was the County Manager and County Accountant of Davidson County. D. W. McCulloch was Chairman of the Board of County Commissioners. McCulloch also owned one-third of the capital stock of plaintiff corporation and was its secretary-treasurer and bookkeeper. He paid the bills.

On 18 June 1951, Howard entered into two contracts with plaintiff: (1) to insulate the County Home, and (2) to insulate the County Courthouse. The total contract price was $2,777.32. D. W. McCulloch, as Chairman of the County Board of Commissioners, executed a voucher dated 30 June 1951 for the contract price, payable to plaintiff corporation. The County Manager certified that provision for the payment thereof had been made by an appropriation as required by the County Fiscal Control Act. No such appropriation had been made. Apparently the check was deposited 5 July 1951.

On or about 3 August 1951, work was begun in execution of the contracts. Prior to the commencement of the work, no member of the County Board of Commissioners except the Chairman had any knowledge that the contracts had been made or the voucher had been issued.

When one of the members of the Board of County Commissioners discovered that plaintiff was insulating the County Courthouse, he had a meeting of the Board called, and the Commissioners sent for McCulloch and made inquiry as to the work being done. They were then, for the first time, informed of the making of the contracts and the payment of the contract price. The Board authorized demand on plaintiff to cease work and to return the money paid. The plaintiff repaid the amount received, reserving the right (as it alleges) to file claim on the basis of actual cost. In its amended complaint plaintiff admits that the contract was void and seeks to recover the reasonable value of the services rendered and the materials furnished. The defendant demurred to the complaint on the grounds that the complaint failed to state a cause of action and contends that the voluntary return of the funds received by plaintiff constituted a waiver of any claim it had against the defendant. The demurrer was overruled. The cause was submitted to a jury which found that defendant is indebted to plaintiff in the sum of $1,000. Judgment was entered on the verdict, and defendant excepted and appealed.

*Hugh Mitchell and Phillips & Bower for plaintiff appellee.*
*Charles W. Mauze for defendant appellant.*

BARNHILL, C. J.   Defendant assigns as error (1) the order of the court overruling its demurrer to the complaint, and (2) the denial of its motions for judgment of nonsuit.

We need discuss only the exception to the refusal of the court below to dismiss as in case of involuntary nonsuit.

In some cases where the contract with the municipality or public agency is void, we have permitted a recovery on a *quantum meruit* or under the doctrine of unjust enrichment. *Realty Company v. Charlotte,* 198 N.C. 564, 152 S.E. 686; *Hawkins v. Dallas,* 229 N.C. 561, 50 S.E. 2d 561; *Manufacturing Co. v. Charlotte,* 242 N.C. 189.   In the cited and like cases no moral turpitude or breach of public policy was involved.

When, however, the cause of action is made to rest on a transaction which is in direct contravention of the provisions of G.S. 14-234, quite a different question is presented.

That section of the General Statutes provides that: "If any person, appointed or elected a commissioner or director to discharge any trust wherein the State or any county, city or town may be in any manner interested, shall become an undertaker, or make any contract for his own benefit, under such authority, or be in any manner concerned or interested in making such contract, or in the profits thereof, either privately or openly, singly or jointly with another, he shall be guilty of a misdemeanor."   (In addition the Act contains certain provisos which are not pertinent here.)

The General Assembly is the policy-making agency of our Government, and, in adopting this Act, it made the condemnation of the transactions embraced within the terms thereof a part of the public policy of the State so as to remove from public officials the temptation to take advantage of their official positions to "feather their own nests" by letting to themselves or to firms or corporations in which they are interested contracts for services, materials, supplies, or the like.

The statute simply recognizes that "No man can serve two masters." Matthew 6:24; *Davidson v. Guilford,* 152 N.C. 436, 67 S.E. 918; *Snipes v. Winston,* 126 N.C. 374.

"This law was enacted to enforce a well-recognized and salutary principle, both of the moral law and of public policy, that he who is entrusted with the business of others can not be allowed to make such business an object of pecuniary profit to himself." *S. v. Williams,* 153 N.C. 595, 68 S.E. 900.

The prohibition of G.S. 14-234 extends to an officer of a corporation who makes a contract between the corporation and a municipality or board of which he is a member. *S. v. Williams, supra.*

Thus it appears that plaintiff acted advisedly in admitting in its amended complaint that the original contracts are void and unenforce-

able. Now then, the question arises as to whether the plaintiff is entitled to recover in an action *indebitatus assumpsit* on a *quantum meruit* basis. That is, will the court imply a promise on the part of the County to pay the reasonable value of the services rendered and materials furnished and enforce the same? The answer is no.

No man ought to be heard in any court of justice who seeks to reap the benefits of a transaction which is founded on or arises out of criminal misconduct and which is in direct contravention of the public policy of the State. *Fashion Co. v. Grant,* 165 N.C. 453, 81 S.E. 606; *Marshall v. Dicks,* 175 N.C. 38, 94 S.E. 514; *Lamm v. Crumpler,* 233 N.C. 717, 65 S.E. 2d 336; *Waggoner v. Publishing Co.,* 190 N.C. 829, 130 S.E. 609.

Public office is a public trust, and this Court will not countenance the subversion thereof for private gain. Not only will it declare void and unenforceable any contract between a public official, or a board of which he is a member, and himself, or a company in which he is financially interested, whereby he stands to gain by the transaction, but it will also deny recovery on a *quantum meruit* basis. In entering into such contract a public official acts at his own peril and must suffer the loss incident upon his breach of his public duty. He may look in vain to the courts to aid him in his efforts to recoup his losses, due to the invalidity of the contract, on the grounds the public agency which he serves has been enriched by his misconduct.

In other words, this Court will not recognize or permit any recovery bottomed on the criminal conduct of a public official. To put it simply, the doors of the courts are closed to any individual, or firm in which he is financially interested, who engages in a transaction which comes within the language of the statute. *Snipes v. Winston, supra; Davidson v. Guilford, supra; King v. Guilford,* 152 N.C. 438; *S. v. Williams, supra.* Annos. 84 A.L.R. 969, 110 A.L.R. 164, 154 A.L.R. 375; 12 A.J. 498.

The court below should have sustained the motion to dismiss this action as in case of involuntary nonsuit. Hence the judgment entered in the court below must be

Reversed.