Deloris TONKINS, Ruby P. Taylor, John Sneed, Mable Jackson, James Webster, Adam Steward, Hershey Crenshaw and Julia Holly, on behalf of themselves and others similarly situated, Plaintiffs,

v.

CITY OF GREENSBORO, North Carolina, a municipal corporation, and James R. Townsend, City Manager of the City of Greensboro, North Carolina, Greensboro Pool Corporation, a business corporation organized and existing under the laws of the State of North Carolina, and the three officers of said corporation: Dr. R. M. Taliaferro, President, Carroll O. Weaver, Secretary and Treasurer, and H. L. Coble, Vice-President, Defendants.

No. C–61–G–58.

United States District Court
M. D. North Carolina,
Greensboro Division.

Aug. 13, 1959.

Constance Baker Motley and Thurgood Marshall, New York City, C. O. Pearson, Durham, N. C., J. Kenneth Lee and Major S. High, Greensboro, N. C., for plaintiffs.

H. J. Elam III, John F. Yeattes, Jr., and Jesse L. Warren, Greensboro, N. C., for the defendant City of Greensboro.

W. H. Holderness, Greensboro, N. C., for defendants Greensboro Pool Corp., R. M. Taliaferro, H. L. Coble and Carroll O. Weaver.

STANLEY, District Judge.

In the original complaint the plaintiffs sought to enjoin the City of Greensboro

and its City Manager, James R. Townsend, from refusing to permit plaintiffs, Negro citizens of the City of Greensboro, to use the Lindley Park Swimming Pool, a municipally owned recreational facility, and to enjoin said defendants from selling the pool for the sole purpose of denying the plaintiffs their constitutional rights.

In an opinion filed on May 23, 1958, this court concluded that the plaintiffs were not entitled to the relief sought, but deferred the entry of a decree dismissing the action for a period of 30 days after the sale of the swimming pool had been confirmed by the City of Greensboro, to give the plaintiffs an opportunity to show that the sale was not bona fide in the sense that there was collusion between the City of Greensboro and the successful bidder regarding the future operation or use of the pool. Tonkins v. City of Greensboro, D.C.M.D.N.C. 1958, 162 F.Supp. 549.

Following the facts and events recited in the opinion referred to above, the Lindley Park Swimming Pool was sold at public sale on June 3, 1958, when the Greensboro Pool Corporation became the last and highest bidder for the sum of $85,000.

The City Council of the City of Greensboro met on June 5, 1958, and adopted the following resolution:

"Resolution Accepting Bid Of Greensboro Pool Corporation For The Lindley Park Swimming Pool

"Whereas, at the public sale held on 3 June 1958, Greensboro Pool Corporation placed the high bid on the Lindley Park Swimming pool in the amount of $85,000, which bid, in the opinion of the City Council, should be accepted;

"Now, Therefore, Be It Resolved By The City Council Of The City Of Greensboro:

"That the bid of Greensboro Pool Corporation in the amount of $85,-000 for the Lindley Park swimming pool is hereby accepted, and the sale of the pool in accordance with the

bid is hereby authorized, and the Mayor and City Clerk are hereby authorized to execute and deliver a conveyance of the property."

After having been given an extension of time to file written motion for leave to show that the sale was not bona fide in the sense that there was collusion between the defendants and the successful bidder regarding the future use or operation of the pool, the plaintiffs, on August 12, 1958, filed a motion for leave to file supplemental complaint making the Greensboro Pool Corporation and its three principal officers additional defendants. This motion was granted by order entered on September 5, 1958. Thereafter, copies of the supplemental complaint were served upon all the defendants. The defendants filed answers denying the material allegations in the supplemental complaint.

The supplemental complaint alleges a number of reasons why the Greensboro Pool Corporation is not a bona fide purchaser of the Lindley Park Swimming Pool, and prays that all the defendants be enjoined from refusing to permit the plaintiffs and members of their class to use the Lindley Park Swimming Pool upon the same terms and conditions applicable to the white citizens of the city.

When evidence in regard to the allegations contained in the supplemental complaint was heard the parties were afforded an opportunity to file proposed findings of fact and conclusions of law and briefs in support of their respective positions.

After carefully considering all the evidence, together with the briefs and requests for findings of fact and conclusions of law submitted by the parties, it is concluded that the plaintiffs have wholly failed to sustain the allegations in their supplemental complaint.

It conclusively appears that the sale was duly and regularly advertised and conducted in accordance with the provisions of the General Statutes of North Carolina and the Charter of the City of

Greensboro relating to the sale of municipally owned property, and that the procedures followed in advertising and selling the property, including the terms extended for the payment of the purchase price, were identical with that which has been regularly followed by the City of Greensboro over a period of many years in connection with the sale of city-owned real estate having an appraised value in excess of $15,000; that all persons, regardless of race, were afforded an equal opportunity to bid at the sale, and that none of the defendants, or anyone acting on their behalf, did anything to discourage or prevent others from bidding against the Greensboro Pool Corporation at the sale; that no officer or employee of the City of Greensboro obtained or attempted to obtain from the Greensboro Pool Corporation, or anyone acting on its behalf, any agreement, commitment or assurance that anyone would be excluded from the Lindley Park Swimming Pool by reason of race or color; that neither the City of Greensboro, nor any of its officers or employees, have influenced or attempted to influence the formulation of plans and policies for the operation of the swimming pool by the Greensboro Pool Corporation; that neither the Greensboro Pool Corporation, nor any of its officers, directors or employees, nor anyone else acting on its behalf, took any part in formulating the terms and conditions upon which the Lindley Park Swimming Pool was offered for sale by the City of Greensboro; that the City of Greensboro did not reserve or attempt to reserve any supervision or control over the operation of the Lindley Park Swimming Pool by the Greensboro Pool Corporation, other than by the application of uniform municipal zoning and other laws and ordinances; that the pool is located in a residential area, and the land upon which it is located has long been subject to a zoning ordinance restricting the operation of any business to a non-profit or non-commercial basis, and the City of Greensboro refused to re-zone the property prior to the time the pool was offered for sale; that the pool property is listed for municipal and county ad valorem tax purposes for $59,500, which is 70% of the sale price of $85,000, and is the customary method of evaluating real property for ad valorem tax purposes; and that the Greensboro Pool Corporation has never claimed or attempted to secure any concession or exemption of any kind from the City of Greensboro or any other governmental authority with respect to any municipal or governmental function or service, including water rates, ad valorem taxes, franchise taxes, income taxes, or any other applicable tax of any kind.

The facts recited above are based upon the uncontradicted testimony of responsible officers and officials of the City of Greensboro and the Greensboro Pool Corporation. The plaintiffs contend, however, that the testimony of these officers and officials should not be accepted in arriving at the true relationship between the parties, for the reason that the record discloses a series of events, none of which are of great significance standing alone, but all of which, when considered together, point to a wholly different conclusion. For example, the plaintiffs point to the fact that Dr. Taliaferro, the President of the Greensboro Pool Corporation, is also a member of the Parks and Recreational Commission of the City of Greensboro, and originally insisted that the city continue to operate the pool on a segregated basis; that the Mayor, City Manager and members of the City Council of the City of Greensboro knew that the officers of the Greensboro Pool Corporation had publicly stated that the pool, if acquired, would continue to be operated for the sole use of the white citizens of the City of Greensboro; that the first bid of $75,000 was rejected in order to give the Greensboro Pool Corporation time to raise additional funds; that the city refused to change a zoning ordinance which required the pool to be operated on a non-profit basis, thereby eliminating many potential bidders; that the city extended liberal terms for the payment

of the purchase price of the pool to the Greensboro Pool Corporation so as to make the purchase easier; and that the city has retained control over the future operations and use of the pool by the Greensboro Pool Corporation by naming one of its attorneys the trustee in a deed of trust securing the unpaid balance of the purchase price. While these contentions of the plaintiffs have support so far as they relate to facts appearing in the record, the conclusions the plaintiffs attempt to draw from these facts are wholly without merit. The fact that Dr. Taliaferro, one of the organizers of the Greensboro Pool Corporation, happened to also be a member of a city commission which supervises public recreational facilities, certainly does not indicate, in the face of overwhelming testimony to the contrary by responsible citizens, that there was some secret and undisclosed agreement between the city and the Greensboro Pool Corporation concerning the future use and operation of the pool. Certainly no inference adverse to the defendants can be drawn from the fact that the city refused to amend a zoning ordinance so as to permit a commercial operation to be carried on in a residential district. Neither does it behoove the plaintiffs to urge the court to disregard the evidence and hold that the sale was not bona fide by reason of the fact that the Greensboro Pool Corporation was permitted to pay the purchase price over a period of five years, and the fact that an assistant city attorney was named trustee in a deed of trust securing the balance of the purchase price, in light of the stipulations that this was the normal procedure that had been followed in the sale of municipally owned property over a period of many years. Perhaps some point could have been made if the city had adopted a procedure different from that customarily followed. The function of a trustee in a deed of trust is to foreclose and sell the property when there has been a default, and when requested to do so by the holder of the note. The plaintiffs theorize that where the city retains the option to declare the entire debt due upon the failure to pay any annual installment within the time prescribed, and one of its attorneys is the trustee in the deed of trust, this gives the city the power to control the manner in which the pool will be operated. This theory presupposes that the owner of the pool will default in its obligation and be compelled to request an extension of time for the payment of the annual installments called for in the deed of trust, and that the city, the owner of the note, will grant the extension only if the owner of the pool agrees that the city may have the right to formulate all policies concerning the use and operation of the facility, and that the city will then impose the obligation that the facility be operated on a discriminatory basis. There is absolutely nothing in the record upon which to base such conclusions. Courts are not permitted to decide legal issues on the basis of unsupported theories. There is no credible evidence in the record to support the contention that the Greensboro Pool Corporation will either default in its payment, be granted an extension of time to pay the annual installments, or that the city would repurchase the property at any foreclosure sale. It will be time enough for the plaintiffs to complain in the event the property is again acquired by the City of Greensboro and it attempts to operate the pool on a discriminatory basis.

The plaintiffs make the additional contention that the sale could not be bona fide since the Greensboro Pool Corporation publicly announced before the sale that if it acquired title to the pool same would be operated for the exclusive use of the white citizens of Greensboro. This contention is based on the novel legal theory that municipalities may only sell recreational facilities upon the condition that the purchaser will operate the facility on an integrated basis. No authority is cited in support of this contention.

Since it has previously been held that the City of Greensboro had a legal right to close and sell its swimming pool facilities at bona fide sales, this opinion is

limited to a determination of whether or not the completed sale of the Lindley Park Swimming Pool was bona fide in the sense that the city divested itself of all control over the future use and operation of the pool.

It is concluded that the plaintiffs have failed to sustain the burden of showing that the sale was not bona fide, or that the City of Greensboro has any agreement of any kind with the Greensboro Pool Corporation relating to the future ownership, use or operation of the pool. It necessarily follows that the complaints should be dismissed and that the plaintiffs should pay the costs of this action.

This supplemental opinion, together with the original opinion above referred to, constitutes findings of fact and conclusions of law pursuant to the provisions of Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.

Counsel for the defendants will prepare and present to the court for signing a judgment in conformity with this opinion.