276 F.2d 890
 Deloris TONKINS, Ruby P. Taylor, John Sneed, Mable Jackson,
James Webster, Adam Steward, Hershey Crenshaw, and
Julia Holley, on behalf of themselves
and others similarly situated,
Appellants,
v.
CITY OF GREENSBORO, NORTH CAROLINA, a municipal corporation,
and James R. Townsend, City Manager of the City of
Greensboro, North Carolina, et al., Appellees.
 No. 8025.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 22, 1960.
Decided March 14, 1960.
 
 Constance Baker Motley, New York City, and J. Kenneth Lee, Greensboro, N.C. (Major S. High, Greensboro, N.C., C. O. Pearson, Durham, N.C., and Thurgood Marshall, New York City, on brief), for appellants.
 H. J. Elam, III, City Atty., Greensboro, N.C. (John F. Yeattes, Jr., and Jesse Lanier Warren, Asst. City Attys., Greensboro, N.C., on brief), for appellees, City of Greensboro and James R. Townsend.
 W. H. Holderness, Greensboro, N.C., on brief for appellees, Greensboro Pool Corporation, R. M. Taliaferro, C. O. Weaver and H. L. Coble.
 Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit judges.
 PER CURIAM.
 
 
 1
 Faced with a demand by Negro residents of Greensboro, North Carolina, for admission to the municipal swimming pool theretofore reserved for white persons only, the City Council of Greensboro decided to close and sell the pool.
 
 
 2
 In their original complaint, the plaintiffs sought to enjoin the sale. The District Court, after a hearing, concluded that the plaintiffs were not entitled to the relief sought, but deferred entry of a decree dismissing the suit until 30 days after the sale of the pool to give the plaintiffs an opportunity to show 'that the sale was not bona fide in the sense that there was collusion between the defendants and the successful bidder regardint the future use of the pool * * *.' D.C.M.D.N.C., 1958, 162 F.Supp. 549, 558.
 
 
 3
 This opinion of the District Court was filed on May 23, 1958. Shortly thereafter, on June 3, 1958, the pool was sold at public auction to the high bidder, the Greensboro Pool Corporation, for $85,000. Two days later, the City Council adopted a resolution accepting the bid and approving the sale. Plaintiffs then filed their supplemental complaint charging that the sale was not bona fide.
 
 
 4
 The defendants acknowledge, as they must, that a municipality may not exclude, on account of race, members of the public from the use of any of its facilities. E.g., Dawson v. Mayor and City Council of Baltimore, 4 Cir., 1955, 220 F.2d 386, affirmed 1955, 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774; Holmes v. City of Atlanta, 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776. On the other hand, it is not contended by the plaintiffs that the City of Greensboro may not at will case to provided public swimming facilities. See City of Greensboro v. Simkins, 4 Cir., 1957, 246 F.2d 425.
 
 
 5
 The chief reason asserted in support of the charge that the sale was not bona fide was that a person instrumental in organizing the corporation to which the pool was sold, Dr. R. M. Taliaferro, was a city official. This and other allegations attacking the genuineness of the sale require a close scrutiny of the transaction to determine whether it was bona fide or a mere sham or subterfuge to continue a policy of segregation in respect to facilities actually maintained by the City. It is true that De. Taliaferro as a member of the Parks and Recreation Commission did actively oppose the plaintiffs' demand and recommend sale of the pool, and that he was later instrumental in organizing the corporation which ultimately purchased it from the City. However, he was a member of a nine-man commission which serves in an advisory capacity only, legal authority being in the City Council of which he was not a member.
 
 
 6
 The question to be determined is whether, apart from motives, the sale was real or only a pretense. After reviewing all the circumstances cited by the plaintiffs, the District Judge found
 
 
 7
 'that the plaintiffs have failed to sustain the burden of showing that the sale was not bona fide, or that the City of Greensboro has any agreement of any kind with the Greensboro Pool Corporation relating to the future ownership, use or operation of the pool.' 175 F.Supp. 476, 480.
 
 
 8
 Upon examination of the record, we cannot say that this finding is clearly erroneous. If it should appear at any time hereafter that the City openly or secretly assists in the operation of this racially restricted pool by any form of subvention or other favorable treatment, the plaintiffs would be entitled to an injunction.
 
 
 9
 At the oral argument, plaintiffs cited 14-234 of the General Statutes of North Carolina.[1] This statute has indeed been interpreted by the Supreme Court of North Carolina to prevent recovery under a contract or even on quantum meruit for the insulation of the County Home and the County Courthouse by a contractor who was Chairman of the Board of County Commissioners.[2] From this it does not follow, however, that a contract of sale becomes void because the purchasing corporation was organized through the efforts of a person who has a merely advisory relationship to a municipal corporation.[3]
 
 
 10
 We have, therefore, a case of racial discrimination in respect to a pool privately owned, financed and operated without participation or assistance, direct or indirect, by the City of Greensboro. This does not constitute state action or conduct which a Federal Court may enjoin under the Fourteenth Amendment.
 
 
 11
 Affirmed.
 
 
 
 [1]
 This section reads as follows:
 'If any person, appointed or elected a commissioner or director to discharge any trust wherein the State or any county, city or town may be in any manner interested, shall become an undertaker, or make any contract for his own benefit, under such authority, or be in any manner concerned or interested in making such contract, or in the profits thereof, either privately or openly, singly or jointly with another, he shall be guilty of a misdemeanor. Provided, that this section shall not apply to public officials transacting business with banks or banking institutions in regular course of business: Provided further, that such undertaking or contracting shall be authorized by said governing board.'
 
 
 [2]
 Lexington Insulation Company v. Davidson County, 1955, 243 N.C. 252, 90 S.E.2d 496
 
 
 [3]
 See State v. Weddell, 1910, 153 N.C. 587, 68 S.E. 897, where the statute was held not to apply to an official having greater authority than Dr. Taliaferro in this case. In a supplemental memorandum, plaintiffs also cited Snipes v. Winston, 1900, 126 N.C. 374, 35 S.E. 610 and State v. Williams, 1910, 153 N.C. 595, 68 S.E. 900, both of which are distinguishable