JAMES M. PLEASANT, ADMINISTRATOR OF THE ESTATE OF E. L. PLEAS-
ANT v. MOTORS INSURANCE CORPORATION

No. 7111DC269

(Filed 18 August 1971)

Actions § 5; Insurance § 76— automobile fire insurance — intentional burning by deceased insured's son — recovery of insurance proceeds — public policy

Public policy prevents the administrator of the named insured from recovering under an insurance policy for the loss of an automobile by fire where the automobile was intentionally burned by the named insured's son, the primary operator of the automobile, and the son would be a substantial beneficiary of the attempted recovery, since the law does not permit one to profit from his own wrong.

Judge MORRIS dissenting.

APPEAL by plaintiff from *Lyon, District Judge,* at the 30 November 1970 Session of HARNETT District Court.

This action was instituted on 12 March 1962 by plaintiff's intestate to recover on a policy of insurance issued by defendant. The policy covered a 1960 model Corvair automobile which was destroyed by fire on or about 17 February 1961. Intestate died in 1963 and his administrator was substituted as plaintiff.

The case was heard on an agreed statement of facts, summarized in pertinent part as follows: On 30 August 1960, defendant issued to plaintiff's intestate its policy of insurance #96-75209 covering a described automobile belonging to intestate. Bobby Pleasant (Bobby), son of intestate, at all times pertinent to this action lived in the home with his parents and a brother and sister. Although the brother and sister occasionally operated the subject automobile, as did intestate, Bobby was the primary operator thereof. On 17 February 1961, Bobby and three of his friends conspired together to burn the automobile; they intentionally destroyed the automobile by burning, in an effort to obtain a new convertible automobile with the insurance money Bobby thought would be collected. Bobby was convicted in criminal court of burning the car. Damages resulting from the burning amounted to $1900.

The district court found facts as submitted and concluded that plaintiff was not entitled to recover. From judgment that plaintiff recover nothing, he appealed.

*Bryan, Jones, Johnson, Hunter & Greene by K. Edward Greene for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Paul L. Cranfill and Grady S. Patterson, Jr., for defendant appellee.*

BRITT, Judge.

The policy of insurance involved in this action obligated defendant to pay for loss to the automobile caused, among other things, by fire or lightning. The word "loss" is specifically defined in the policy under the section entitled "Definitions" as follows: "loss means direct and accidental loss of or damage to (a) the automobile, including its equipment or (b) other insured property." The policy defines the word "insured" to include a person " . . . using or having custody of said automobile with the permission of the named insured." Defendant contends that destruction of the automobile was not accidental

but resulted from the intentional act of intestate's son, an insured who was the primary operator of the automobile.

We do not deem it necessary to decide the questions posed by defendant's contentions. Suffice to say, we hold that under the facts presented the public policy of this State prevents a recovery.

Our research fails to reveal that this court or our Supreme Court has passed upon a case similar to the case at bar, but we think a proper analogy can be drawn from the cases hereinafter reviewed.

The law does not permit one to profit by his own fraud or take advantage of his own wrong. 1 Am. Jur. 2d, Actions, § 51, p. 583. In *Byers v. Byers*, 223 N.C. 85, 25 S.E. 2d 466 (1943), opinion by Stacy, C.J., it is said: "One *in flagrante delicto* is not permitted to recover in the courts. The courts are open for the determination of rights and the redress of grievances, but not for the rewarding of wrongs. To 'do justly' and to 'render to each one his due,' . . . , are the first commands of the law."

In *Davenport v. Patrick*, 227 N.C. 686, 44 S.E. 2d 203 (1947), Denny, J., (later C.J.) said: "Public policy in this jurisdiction, buttressed by the uniform decisions of this Court, will not permit a wrongdoer to enrich himself as a result of his own misconduct." In that case, an administrator instituted an action for wrongful death against intestate's husband upon allegations that the husband's negligence caused the death of intestate. Intestate left no children. The court held that the husband being the sole beneficiary of any recovery that it would look beyond the nominal party plaintiff and not allow any recovery.

In *Insulation Company v. Davidson County*, 243 N.C. 252, 90 S.E. 2d 496 (1955), plaintiff corporation, whose secretary-treasurer and substantial stockholder was chairman of defendant's board of commissioners, brought suit to recover for insulation work performed on certain county buildings. The question on appeal was whether plaintiff was entitled to recover on a *quantum meruit* basis. In answering the question in the negative the court, speaking through Barnhill, C.J., said: "No man ought to be heard in any court of justice who seeks to reap the benefits of a transaction which is founded on or arises out of criminal

misconduct and which is in direct contravention of the public policy of the State (Citations)."

*In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807 (1958), opinion by Parker, J., (later C.J.) the court held that the common law maxim that a person will not be allowed to take advantage of his own wrong has been adopted as public policy in this State; and the right of a person to share in the distribution of recovery in an action for wrongful death will be denied where the death of the decedent is caused by such person's negligence.

Although Bobby is not the plaintiff in the instant case, the record indicates that he would be a substantial beneficiary of the attempted recovery, thereby profiting from his own wrong. We think the benefits that would accrue to him are sufficient to invoke the doctrine above discussed and prevent any recovery in the action.

For the reasons stated, the judgment appealed from is

Affirmed.

Judge PARKER concurs.

Judge MORRIS dissents.

Judge MORRIS dissenting.

The majority opinion is based upon the premise that public policy prohibits Bobby Pleasants from profiting from his own wrong as a substantial beneficiary of his father's estate. With respect to the son's share in the father's estate, the record reveals only that at the time of the destruction of the automobile, Bobby Pleasant lived in the same home with E. L. Pleasant, Mrs. E. L. Pleasant, and a brother and sister. We are not informed as to whether there are other beneficiaries. I agree with the majority that the wrongdoer should not be allowed to profit from his wrongdoing, and any judgment entered in favor of the insured should specifically exclude the wrongdoer from participation. *In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807 (1958).

This suit was instituted by the named insured, father of the wrongdoer and owner of the automobile. His death during

the pendency of the action necessitated the substitution of his administrator as plaintiff. This should not necessitate application of any different principles of law, however.

The judgment entered by the trial tribunal was based on the conclusion of the court that the destruction of the automobile was not a "loss" as defined by the policy, because the burning of the automobile "was not caused by accident but was caused intentionally by Bobby Pleasant, son of plaintiff's intestate and primary operator of the aforementioned automobile." The court found as a fact that the word "loss" as used in the policy was specifically defined to include only "direct and accidental loss of or damage to the automobile, its equipment, or other insured property." In my opinion, the language of the policy and the undisputed facts make applicable to this case the principles applied in *Bone v. Insurance Co.*, 10 N.C. App. 393, 179 S.E. 2d 171 (1971), *cert. den.* 278 N.C. 300 (1971).

Additionally, the majority opinion results in imposing upon the father liability for the willful wrongdoing, indeed criminal act, of his son upon a record which discloses no facts upon which that liability could be predicated. In this jurisdiction, the mere relationship of parent and child does not render the parent so liable. *Smith v. Simpson,* 260 N.C. 601, 133 S.E. 2d 474 (1963). This is not a case in which the family purpose doctrine has any application. Here, the son, concededly the primary operator of the automobile owned by his father, intentionally burned it. There is no intimation that the father, the insured, procured, commanded, instigated, advised, encouraged, or had any knowledge of the commission of the act by his son. Nor is there any evidence that the automobile was beneficially owned by the son with the father holding legal title for convenience or any other purpose. It is stipulated that the son was convicted in criminal court for his willful burning of the automobile. I do not agree that public policy denies recovery to the father, original plaintiff here, for the loss of his automobile by means accidental to him albeit intentional on the part of the wrongdoer, under a policy which did not exclude loss occasioned by the intentional act of insured or another.